860

Dorothy SCHAFFER (now Dorothy
Barbier), Respondent,

v.

SECURITY FIRE DOOR COMPANY, a Cor-
poration, Garnishee of Lloyd C.
Schaffer, Appellant.

No. 47800.

Supreme Court of Missouri,
Division No. 1.

March 14, 1960.

Cecil Block, St. Louis, for appellant.

Charles E. Wells, St. Louis, for respond-
ent.

COIL, Commissioner.

This case was certified to this court by
the St. Louis Court of Appeals. Our deter-
mination of it, however, is as though it
were here by an original appeal. Supreme
Court Rule 2.06, 42 V.A.M.S. (See 326
S.W.2d 376 for the opinion of the St. Louis
Court of Appeals.) This is an appeal from
the trial court's order overruling appel-
lant's motion to quash an execution and to
recall a garnishment.

In 1943 respondent Dorothy Schaffer
(now Dorothy Barbier) obtained a divorce
from present appellant Lloyd C. Schaffer.
As a part of the decree as modified in 1954,
Lloyd was ordered to pay $15 per week to
Dorothy for the support and maintenance
of each of their minor children, Gene and
Vivian Jane.

In July 1957 Dorothy filed her affidavit
for an execution averring that from June 7,
1954 through July 1, 1957 there was due her
by reason of the order a balance of $1,903.
An execution issued and Security Fire Door
Company, a corporation, was summoned as
garnishee as a result of a garnishment is-
sued in aid of that execution. In August
1957 Lloyd filed a motion to quash the ex-
ecution and recall the garnishment for the
stated reason that he had fully complied
with the terms of the divorce decree and
thus was not indebted to Dorothy in any
amount.

At a hearing on that motion Lloyd tes-
tified that he had paid the $15 a week for
each child until December 1954 when he
stopped paying as to his son upon learning
that Gene was in the army, but that he had
continued to pay $15 each week for support

of his daughter; that Gene returned to civilian life in August or September 1955; that movant had learned that his son since his return was staying at Kingshighway and Delmar and he had heard the boy was married but had not verified the rumor. (Movant stated the conclusion, as averred in his motion, that he was not indebted to his former wife in any sum, but his further testimony clearly showed the facts, as he claimed them to be and as we have set them forth, as to payments made, and consequently his conclusion had only the probative effect of those facts upon which his conclusion admittedly was based.)

The record as supplemented in the court of appeals showed that on February 3, 1943, the date of the divorce, Gene was five years of age. It is apparent, therefore, that when he left the army in August or September 1955 he was seventeen or eighteen.

Dorothy unequivocally states or concedes in her brief that appellant is not liable to pay the $15 per week while Gene was in the army. She claims no amount which accrued while Gene was in the army but claims only $15 each week since Gene's discharge in September 1955, and she unqualifiedly asserts that the execution was issued for an amount in excess of that due and asks that it be corrected by remand with directions to quash it to the extent of the excess stated over the amount claimed.

While Lloyd asserts that the trial court erred in overruling his motion to quash, his argument is directed to sustaining the proposition that he was not liable for payments for Gene's support *so long as Gene's military service continued*. Furthermore, Lloyd's testimony (he was the only witness) did not establish his son's status since returning from the army. The record does not show whether the boy was married or single, whether he lived with his mother, what he was doing, or any other relevant fact; and, as we have heretofore pointed out, the supplemented record shows that Gene had not attained his majority but was 17 or 18 when he returned to civilian life in 1955.

It is apparent then that there was no showing in the trial court and there is nothing here either in the record or the briefs to indicate that appellant is not liable for the $15 weekly payments for his son's support which had accrued from the time in August or September 1955 when Gene was discharged from the army through the installment due July 1, 1957.

Under the foregoing circumstances it is clear that irrespective of what may have been the trial court's view with respect to Lloyd's liability for the amounts which had accrued while Gene was in the army, there is here no disputed issue for us to determine. That is because, we repeat, respondent does not seek to recover or claim any amount of money which may have accrued while Gene was in the army and the record fails to disclose and appellant fails to assert any reason for his nonliability for those payments which have accrued since Gene's return from the army. Our acceptance or recognition of the limitation voluntarily placed by respondent on her claim does not constitute an approval or disapproval of any case deciding whether the father is liable for payments to his former wife for the support of their minor son while that son is in military service.

Inasmuch as the execution admittedly calls for more than the amount claimed by respondent, the trial court's proper order, in the absence of further facts developed on remand, would be to correct the execution by quashing it to the extent that it is in excess of the amount claimed or due and to thus amend it by excluding those amounts to which respondent makes no claim. Steckler v. Steckler, Mo.App., 293 S.W.2d 129, 135, 136.

The judgment is reversed and the case is remanded with directions to quash the execution to the extent of $705 plus any amount in excess of $705 which the trial court finds accrued while the minor son was in military service, and to take whatever

further action with respect to determining the correct total amount of the execution as may be appropriate upon the appearance of further facts, if any, which the parties, in the trial court's discretion, may adduce at a further hearing on the motion to quash.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.