495 P.2d 371

Mary Alice LUMPKINS, Plaintiff-
Appellee,

v.

William T. LUMPKINS, Defendant-
Appellant.

No. 9316.

Supreme Court of New Mexico.

March 3, 1972.

Rehearing Denied April 3, 1972.

Bigbee, Byrd, Carpenter & Crout, Paul
D. Gerber, Santa Fe, for defendant-
appellant.

White, Gilbert, Koch, Kelly & McCarthy,
Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Justice.

This action was brought in the District
Court of Santa Fe County under the Uni-
form Reciprocal Enforcement of Support
acts of New Mexico and California. Based

on pleadings, affidavits, answers to interrogatories plus other documents, a summary judgment was entered in favor of plaintiff, Mary Alice Lumpkins. This summary judgment ordered and adjudged as follows:

(1) That $14,125.00 is due plaintiff from defendant, William T. Lumpkins pursuant to an order of the Superior Court of San Diego County, California, entered on April 16, 1968, in cause number 244680;

(2) That $10,500.00 additional is due plaintiff from defendant after the date of and pursuant to that order;

(3) That plaintiff receive interest on each of the $300.00 monthly increments comprising the above sums from the dates due, plus $150.00 attorney fees adjudged by the California Superior Court order;

(4) That under the settlement agreement incorporated into the original California divorce judgment defendant has the obligation and is directed to pay plaintiff the additional sum of $300.00 per month beginning March 6, 1971; and

(5) That defendant's petition to modify the spousal support provisions of said agreement is dismissed with prejudice.

The original complaint was for separate maintenance, filed by the wife in the California Superior Court for San Diego County. Later the pleading was changed to a request for divorce. On December 13, 1961 an interlocutory judgment of divorce was entered ordering that a property settlement agreement between the parties, dated December 6, 1961, be made a part of the order and decree, and the performance thereof was expressly ordered and adjudged. A final judgment of divorce was filed on December 13, 1962, again referring to the 1961 property settlement agreement and ordering the parties to carry out each and every provision and requirement thereof.

On May 11, 1967, plaintiff filed in the Superior Court of California, San Diego County, cause number 301199, a "Complaint for Reimbursement and Support under the Uniform Reciprocal Enforcement of Support Act." The complaint alleged an arrearage in alimony and support payments, further stating that defendant lived in New Mexico and requested that the complaint and other reciprocal documents be forwarded to the District Court, Santa Fe, New Mexico. This was done by order of the California Superior Court on May 11, 1967. On May 26, 1967, a petition was filed in the District Court of Santa Fe County, praying that an order to show cause issue to the defendant, William T. Lumpkins. While this matter was pending in the District Court of Santa Fe County defendant petitioned the Superior Court in San Diego, California for an order modifying his alimony and support payments under the original divorce judgment entered by that court. The California court found that it was without jurisdiction to modify the alimony and support and denied the motion for modification. In responding to the New Mexico action the defendant alleged a change of circumstances and a request for modification of alimony and support. Also, for the first time during these proceedings, the defendant claimed in his pleadings that the plaintiff refused to deliver certain of defendant's property awarded him in the California decree. The defendant alleged the property was valued at a little over $80,000.00. During all of these proceedings defendant petitioned for and was adjudged a bankrupt in California. Ultimately, in the present case, plaintiff was granted a summary judgment in effect affirming the California decree and defendant appeals.

■ Defendant claims error on the part of the trial court in granting the summary judgment. The issues concerning alimony and support were not only litigated in California but were the subject of a comprehensive property agreement approved and signed by both parties. A portion of this agreement which was incorporated in and made a part of the California decree reads as follows:

"THIRTEENTH: The husband agrees to pay to the wife as and for alimony and her support the sum of $350.00 per month, commencing on December 6,

1961 and continuing monthly thereafter for a period of one year. At the end of said year period, the husband agrees to pay to the wife as and for alimony and her support the sum of $300.00 per month, said alimony payments are to be made on the 6th day of each and every month until such time as the wife remarries, or until her death. * * *"

The settlement agreement further contained a recital that each of the parties fully understood the instrument and had been advised by their respective attorneys. We are of the opinion that the California judgment was a final, nonmodifiable judgment and entitled to full faith and credit under Art. IV, § 1, United States Constitution. California law on the subject of modification is explained thusly:

"Where a property settlement agreement has been made and incorporated in the divorce decree, a court will modify the alimony provisions of the settlement agreement only after it is satisfied that the provisions as to property settlement and alimony are severable. Without an agreement between the parties to allow modification a court has no power to change provisions that in any way relate to the division of property. If a portion of the agreement is in the nature of alimony, whether in a lump sum or in periodical payments, and is separable from the provisions that divide the property, a court may modify such provisions in accord with its powers over alimony generally. But if the provisions for support and maintenance are in consideration of receiving a more favorable share of the community property, a court cannot change such provisions without changing basically the agreement of the parties as to the division of the property. Since a court cannot change provisions of a valid property settlement it cannot change a support agreement that is an integral part of a property settlement.

"Although a disposition of property in a divorce decree may not be modified, an award of alimony may be modified under appropriate circumstances, and it is the court's right, where an application for modification is received, to determine whether or not the decree involves a settlement of property or is in the nature of alimony." 16 Cal.Jur.2d Divorce, Separation and Annulment, § 245 at 652–54 (2d ed. rev. 1967).

Following this tenet the California court held that the property settlement was not modifiable. See also Beck v. Beck, 208 Kan. 148, 490 P.2d 628 (1971). The New Mexico trial court's decision in this regard, in our opinion, was consistent therewith and correct.

Defendant also complains in the New Mexico action, alleging that plaintiff has detained and refused to turn over to defendant certain personal property he values at somewhat more than $80,000. It is significant that this claim was made for the first time in the New Mexico proceeding. The allegation was not mentioned in any of the numerous California proceedings, nor in the California bankruptcy action. In fact, in the defendant's petition for bankruptcy there appears, under oath, the following statement describing his property:

"Schedule B–2  *Personal Property*

" * * *

"E. Books, prints and
pictures                                    $100.00

" * * *

"L. Goods or personal property
of any other description, None."
and

"Schedule B–3  *Choses In Action*

" * * *

"C. Unliquidated claims of every nature, with their estimated value. . . . . . None."

In light of the above actions of the defendant and since the courts have held that the property settlement merges into the divorce decree which is therefore final as to the property settlement, we find that the California decree is entitled to full

faith and credit by the New Mexico court, Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Biewend v. Biewend, 17 Cal.2d 108, 109 P.2d 701, 132 A.L.R. 1264 (1941), and thus any question regarding the property distribution is final and not subject to attack in a collateral action in New Mexico. No defense available to the defendant at the time of the California proceedings may be considered here. See Tenny v. Tenny, 36 N.Y.S.2d 704 (Sup.Ct. 1942).

The defendant's attempt to claim an "offset of some sort" is not logical under the circumstances of this case.

■ The statute of limitations for wrongful detention of personal property is three years. Cal.Code Civ.Proc. § 338(3) (West Supp. 1971). This section has been applied to community property questions in California. The cases annotated after the section indicate that where the spouse had knowledge of the other spouse retaining or changing the status of the property after the divorce, then the statute began to run and if the spouse failed to bring an action for recovery within the three-year period, that person was estopped from so asserting at the end of three years.

The New Mexico statute of limitations, § 23-1-4, N.M.S.A. (1953 Comp.), in this area reads:

"* * * those brought * * * for the conversion of personal property * * * and all other actions not herein otherwise provided for and specified within four [4] years."

Since the defendant failed to bring the action within three years in California and within four year in New Mexico, he is barred from so pleading the cause of action as a defense at this time.

The judgment of the trial court is affirmed.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.