549 P.2d 1070

Jack Oliver CORLISS, Petitioner-Appellee,

v.

Gladys L. CORLISS, Respondent-Appellant.

No. 10421.

Supreme Court of New Mexico.

May 17, 1976.

Miller & Melton, Steve H. Mazer, Albuquerque, for respondent-appellant.

Branch & Branch, James A. Branch, Jr., Robert R. Fuentes, Albuquerque, for petitioner-appellee.

## OPINION

STEPHENSON, Justice.

The Petitioner (Husband) brought a change of custody action against Respondent, his former wife (Wife). The Wife counterclaimed in the form of a contempt action for alimony and child support arrearages. The parties were divorced by a proper Missouri decree in January, 1972. The district court ordered a change of custody of one of the two children, a reduction of future child support and alimony, and a partial payment of delinquent alimony. We reverse in part and affirm in part.

The Wife argues here that the trial court: (1) erred by refusing to grant judgment for the full amount of alimony and child support arrearages; (2) awarded change of custody without due process by precluding presentation of her case-in-chief; (3) erroneously modified future alimony and child support; (4) incorrectly failed to punish the Husband held to be in contempt for failure to pay the arrearages; and (5) improperly failed to award attorney's fees to the Wife.

■ We emphasize that the Wife counterclaimed in the form of a contempt action as opposed to seeking a money judgment for arrearages. This action invoked the equitable powers of the court in which the trial court has discretion. In a suit for a money judgment very little discretion is allowed. The court merely examines the validity of the prior judgment and enters a money judgment. Cf. *Slade v. Slade*, 81 N.M. 462, 468 P.2d 627 (1970). This point becomes important when we analyze the court's power to fashion relief as to accrued arrearages, attorney's fees and punishment for contempt.

■ A preliminary question is the effect of the Missouri divorce decree. From the record this decree was a final and proper judgment of the Missouri

court concerning alimony, child support, and custody fully litigated and agreed to by all parties. Thus, under Article IV, Section 1 of the United States Constitution the Missouri decree is entitled to full faith and credit. *Lumpkins v. Lumpkins,* 83 N.M. 591, 495 P.2d 371 (1972).

The first issue is the question of child support and alimony arrearages. The trial court found that $3900 was owed in delinquent alimony based on the $150 per month provided by the Missouri decree. It then ordered the Husband to pay $100 per month up to $1500 and by some theory we do not understand, deferred payment on the remaining $2400. The court made no finding on child support arrearages. From the record they appear to total $8,297.65 through June, 1974. These actions by the court were incorrect. Since we give the Missouri divorce decree full faith and credit, we are obliged, as was the trial court, to give full force and effect to the accrued alimony and child support at the time of the district court hearing. We follow the principle established in *Sistare v. Sistare,* 218 U.S. 1, 16–17, 30 S.Ct. 682, 54 L.Ed. 905 (1910):

> First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause . . . . Second, That this general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive installments ordered by the decree to be paid. . . . .

The United States Supreme Court then analyzed the statutes of the state (New York) in which the decree was granted to see if the enforcement of the alimony award was discretionary.[1]

This New Mexico court has never passed upon the situation in this case. In *Kuert v. Kuert,* 60 N.M. 432, 292 P.2d 115 (1956) we allowed the trial court in its discretion to forgive accrued alimony from the date of the recipient's remarriage. The court in *Kuert* criticized the *Sistare* decision and mentioned that "[a]doption of a rule that the courts of this state do not have the power retroactively to modify or annul accrued alimony from the date of the remarriage of the divorced wife is clearly not mandatory, nor do we think it desirable." Id. at 438, 292 P.2d at 118–19. In *Kuert,* however, the divorce at issue was granted in New Mexico, while in this case we are faced with a Missouri divorce to which we give full faith and credit. Under *Sistare* then we must look to Missouri law.

At the time of the divorce in this case, the Missouri trial court had no expressed power to modify arrearages. Mo. Rev.Stat. § 452.070 (1969) provided in part that "[t]he court, on application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper * * *." In *Schaffer v. Security Fire Door Company,* 326 S.W.2d 376 (Mo. Ct.App.1959), rev'd on other grounds, 332 S.W.2d 860 (1960), the words "make such alteration, from time to time" were construed to refer only to the future and to confer no power upon a court to cancel accrued child support under a former decree. This interpretation was later affirmed in *Gordon v. Ary,* 358 S.W.2d 81 (Mo.Ct.App.1962) and *Jenkins v. Jenkins,* 453 S.W.2d 619 (Mo.Ct.App.1970).[2] The

---

1. Although *Sistare* concerned alimony, the principle of the case has been applied to child support. See, e.g., *Catlett v. Catlett,* 412 P.2d 942 (Okl.1966); *Buswell v. Buswell,* 377 Pa. 487, 105 A.2d 608 (1954).

2. The Missouri Legislature codified the rule of *Schaffer,* effective January 1, 1974, as follows:
   * * * the provisions of any decree respecting maintenance or support may be

words of the statute extend this ruling to alimony. Therefore, since the Missouri court granting this divorce had no power to modify accrued alimony and child support, the district court in New Mexico had no such power, either. The entire amount of arrearage was due and owing at the time of the hearing. The trial court should have awarded a judgment in favor of the Wife for $3900 in delinquent alimony and made a finding on delinquent child support. Failure to do so was reversible error.

■ The trial court did not have discretion to forgive accrued alimony and child support under the Missouri decree, but since this was a contempt counterclaim by the Wife, it did have the discretion to fashion an installment payment plan of the debt. On remand when the total amount due is determined, the court may require payment of reasonable installments of the child support and alimony arrearages. See *Woehler v. Woehler,* 107 Mont. 69, 81 P.2d 344 (1938); *Wassung v. Wassung,* 136 Neb. 440, 286 N.W. 340 (1939); *Rakes v. Ferguson,* 147 W.Va. 660, 130 S.E.2d 102 (1963).

■ We find no violation of due process at the change of custody hearing. The trial court first heard the Husband's evidence regarding custody, including the testimony of the Wife as a hostile witness. The Wife's attorney extensively cross-examined the Husband. The court then proceeded to the Wife's counterclaim but evidence regarding the change of custody came into the record. The Wife's attorney had waived his right to cross-examine the Wife when she was called as a hostile witness by the Husband. Her testimony as to custody surfaced, however, in the counterclaim, and we find no violation of due process. A full and fair opportunity to be heard was afforded both parties in this case. See *Tuttle v. Tuttle,* 66

N.M. 134, 343 P.2d 838 (1959); *Bell v. Odil,* 60 N.M. 404, 292 P.2d 96 (1956).

■ The trial court found that it was in the best interest of one son, Wesley Leland, to remain with his mother and the other son, Joe Clifford, to remain with his father. The Wife previously had custody of both children. In June, 1974, Joe Clifford left his mother to live with his father. The trial court chose to maintain this arrangement. The moving party must show a change of circumstances in light of the presumption of reasonableness of the foreign divorce decree. *Baker v. Baker,* 83 N.M. 290, 491 P.2d 507 (1971). We hold that the Husband met his burden, and that the change of custody was based upon substantial evidence and did not constitute an abuse of discretion by the trial court. *Gholson v. Gholson,* 82 N.M. 473, 483 P.2d 1313 (1971).

The trial court also modified provisions for future alimony and child support. The Wife argues that the pleadings by the Husband reflect no attempt to change his obligations of alimony and child support; that the judge specifically limited the trial to the issues of change of custody and contempt for delinquent alimony and child support; that neither side presented evidence on these issues; and that as a result due process was denied to her. We agree as to the modification of future alimony, but not as to the child support.

■ Notice and a fair hearing must be afforded both parties to meet the requirements of due process. *Tuttle v. Tuttle,* supra; *Bell v. Odil,* supra. Moreover, a court cannot modify a judgment when neither party has sought such relief and the issue has not been implicitly or explicitly consented to by the parties. *Baker v. Baker,* supra; *Federal National Mortgage Ass'n v. Rose Realty, Inc.,* 79 N.M. 281, 442 P.2d 593 (1968); see *Wynne v. Pino,* 78 N.M. 520, 433 P.2d 499 (1967).

modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. Mo. Rev.Stat. § 452.370(1) (Cumm.Supp.1973).

The Husband did not seek a modification of alimony, and neither party consented to a modification. Thus, the trial court improperly modified future alimony and is reversed.

The modification of child support, however, is a different question. The Husband sought a change of custody which implicitly would involve the consideration of future child support if a change of custody were made. Although it would have been better practice to plead for modification of child support when seeking a change of custody, we nevertheless hold that failure to do so did not preclude consideration of the issue since the questions of change of custody and child support are so inextricably related. The trial court is affirmed on this issue.

The Wife also alleges error for failure to punish the Husband in contempt for arrearages in child support and alimony. The court in this case orally found the Husband in contempt of the Missouri divorce decree, admonished him to comply with the judgment, but refused to punish him. Imprisonment for failure to pay alimony or child support rests with the discretion of the trial court. See generally 24 Am.Jur.2d Divorce and Separation §§ 768, 865 (1966). The power of contempt should be used cautiously and sparingly. *International Min. & C. Corp. v. Local 177, U.S. & A.P.W.,* 74 N.M. 195, 392 P.2d 343 (1964). The least possible power adequate to compel compliance with the court's order is its proper exercise. *Jencks v. Goforth,* 57 N.M. 627, 261 P.2d 655 (1953). We find no evidence that the trial court abused its discretion.

The trial court ruled that each party must pay his own attorney's fee. The matter of attorney's fees also lies within the discretion of the court. *Dunne v. Dunne,* 83 N.M. 377, 492 P.2d 994 (1972); *Fitzgerald v. Fitzgerald,* 70 N.M. 11, 369 P.2d 398 (1962). The trial court's decision on this subject will not be disturbed since no abuse of discretion has been shown.

The district court is affirmed as to the change of custody, the modification of future child support, the contempt action and the attorney's fees. The district court is reversed for failure to grant judgment for the entire amount of alimony and child support arrearages and for modifying future alimony. This cause is remanded to the district court to make findings concerning delinquent child support and modify the judgment as to alimony and child support arrearages.

IT IS SO ORDERED.

McMANUS and SOSA, JJ., concur.