575 P.2d 607

**Barbara A. CAIN, Plaintiff-Appellant,**

v.

**William J. CAIN, Defendant-Appellee.**

**No. 11534.**

Supreme Court of New Mexico.

March 6, 1978.

David H. Pearlman, Albuquerque, for plaintiff-appellant.

Charles T. Hooker, Albuquerque, for defendant-appellee.

## OPINION

EASLEY, Justice.

Plaintiff-appellant, Barbara A. Cain (Mrs. Cain), sued defendant-appellee, William J. Cain (Mr. Cain) for accrued alimony. From an adverse trial court decision on the ground of laches, she appeals. We reverse.

This suit being based on a California divorce decree, the controlling issue is whether the California statute proscribing retroactive cancellation of accrued alimony applies.

Mrs. Cain was granted $165 per month as alimony in a 1958 decree. Mr. Cain made no payments. He claims that he thought the obligation was to last only one year. Mrs. Cain made no effort to collect the payments until this action was filed on March 2, 1976. There is no evidence that she was aware of his asserted belief that he did not owe the money and no other evidence indicating laches except the lapse of time before she attempted to collect the back payments by suit.

The trial court rightfully applied the statute of limitations as a bar to payments due prior to March 2, 1969. However, it was error for the court to rule that the doctrine of laches applies to prevent the collection of payments from March 2, 1969 to March 2, 1976.

The *right to alimony* under New Mexico case law is a continuation of the right to support and is personal and not a property right. *E. g., Hazelwood v. Hazelwood,* 89 N.M. 659, 556 P.2d 345 (1976). However, once a foreign court awards alimony and the installments become due, and where, under the law of that state, accrued alimony cannot be cancelled, it therefore vests when due. Then the right to those accrued installments of alimony becomes a fixed property right. The judgment, insofar as the accrued alimony is concerned, becomes a non-modifiable judgment and is enforceable and entitled to full faith and credit in all states under the United States Constitution art. IV, § 1. *E. g., Corliss v. Corliss,* 89 N.M. 235, 549 P.2d 1070 (1976).

The original decree was granted under controlling California statutory and case law. The statute under which the alimony award was made specifies that the order awarding alimony may be modified by the court "except as to any amount that may have accrued prior to the date of filing of the notice of motion or order to show cause." Cal.Civil Code § 4801(a) (West) (1970). The California courts have uniformly held that there can be no retroactive cancellation of alimony payments *by the courts.* *E. g., Armstrong v. Armstrong,* 15 Cal.3d 942, 126 Cal.Rptr. 805, 544 P.2d 941 (1976); *Parker v. Parker,* 203 Cal. 787, 266 P. 283 (1928).

The California law must be applied by us to settle a substantive right granted by a decree of that state's courts. *Corliss v. Corliss, supra.*

Since California's courts would be powerless to cancel the past due alimony

payments, *Armstrong, supra; Parker, supra,* our courts likewise have no power to act.

As to accrued alimony, Mrs. Cain enjoyed a substantive property right. She held a non-modifiable money judgment.

However, the California Court of Appeals has held that, although the courts have no power to *modify the decree* granting alimony, the beneficiary spouse may waive the payment of past due amounts or be estopped to collect the money. *Kaminski v. Kaminski,* 8 Cal.App.3d 563, 87 Cal.Rptr. 453 (1970); *accord, In re Marriage of Szamocki,* 47 Cal.App.3d 812, 121 Cal.Rptr. 231 (1975). Waiver, estoppel and laches were raised as defenses by Mr. Cain. The trial court found laches.

Here we find no substantial evidence of laches, which is defined as real neglect to assert a right coupled with an unreasonable delay which operated to prejudice the other party and includes lack of knowledge by that other party that the plaintiff would assert his rights. *E. g., Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970); *Morris v. Ross,* 58 N.M. 379, 271 P.2d 823 (1954). The defense of laches is not favored and is applied only in cases where a party is guilty of inexcusable neglect in enforcing his rights. *Marquez v. Marquez,* 85 N.M. 470, 513 P.2d 713 (1973), *Cave v. Cave, supra.*

The cause is reversed and remanded for actions consistent herewith.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.