579 P.2d 1253

Valeria C. BARELA,
Petitioner-Appellant,

v.

Ernesto Orlando BARELA,
Respondent-Appellee.

No. 11684.

Supreme Court of New Mexico.

June 8, 1978.

James R. Beam, Albuquerque, for petitioner-appellant.

Richard J. Grodner, Albuquerque, for respondent-appellee.

## OPINION

PAYNE, Justice.

This is an appeal by Valeria Barela from a decree terminating Ernesto Barela's support obligation for their children. The original divorce decree provided that Ernesto Barela was to make monthly support payments for the two minor children and have reasonable visitation rights. Subsequent to the divorce, the mother petitioned the district court for help in collecting past due support payments. On the second occasion the mother also sought an order greatly limiting the father's visitation rights. The trial court, after hearing testimony from the parties and the two minor children, granted judgment for the arrearages but relieved the father of paying future child support. We affirm the decision of the trial court.

The mother claims that the trial court erred in three respects. First, she claims that the court's order denied her due process. She argues that because the father never petitioned the court to terminate the support payments, the court should not have addressed that issue. Secondly, she argues that the judge erred as a matter of law in terminating the support requirement. Thirdly, she claims the court erred in failing to adopt a statement of evidence and proceedings.

The case of *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976), is applicable in determining whether the court denied Valeria Barela due process in terminating future child support. In *Corliss* the father brought a change of custody action against his former wife. The wife counterclaimed seeking alimony and child support arrearages. The judge ordered a change of custody for one of the children and reduced the amount of child support and alimony. The wife appealed claiming that the court erred in reducing child support payments and alimony without being petitioned to do so. The wife argued that because the father's pleadings did not ask for a reduction in alimony and support obligation the court denied her due process by ordering the reduction. This Court reversed the trail court on the alimo-

ny reduction but affirmed on the reduction of child support. The Court stated:

> Notice and a fair hearing must be afforded both parties to meet the requirements of due process. . . . Moreover, a court cannot modify a judgment when neither party has sought such relief and the issue has not been implicitly or explicitly consented to by the parties. . . . The Husband did not seek a modification of alimony, and neither party consented to a modification. Thus, the trial court improperly modified future alimony and is reversed.
>
> The modification of child support, however, is a different question. The Husband sought a change of custody which implicitly would involve the consideration of future child support if a change of custody were made. *Although it would have been better practice to plead for modification of child support when seeking a change of custody, we nevertheless hold that failure to do so did not preclude consideration of the issue since the questions of change of custody and child support are so inextricably related.* The trial court is affirmed on this issue. (Emphasis added.)

*Id.* at 238–39, 549 P.2d at 1073–74.

In *Corliss* we said that changes in custody and child support are so inextricably related that a consideration of one may open the door to a hearing on the other. In this case the mother raised the issue of child support and visitation rights. She was present during the hearing, was represented by counsel, presented testimony and could have cross-examined all the witnesses.

■ The district court has jurisdiction to modify and change existing orders regarding visitation rights and support obligations. *Quintana v. Quintana*, 45 N.M. 429, 115 P.2d 1011 (1941); § 22–7–6 C, N.M.S.A. 1953 (Supp.1975). Whether to modify an award of support payments is in the discretion of the trial judge. § 22–7–6 C. Where the issues of child support and visitation rights are raised, the court is not precluded from or limited in fully adjudicating those rights.

The mother argues that the case of *Fullen v. Fullen,* 21 N.M. 212, 153 P. 294 (1915), prevents the court from withholding support payments to enforce visitation rights. That case is not applicable here. In *Fullen* the mother removed the children from the state and refused to allow them to visit their father. The court found that the mother was unable to support the children without the help of the father and refused to modify the support obligation. *Fullen* holds that support obligations are for the benefit of the children and the court should not punish the children for the wrongdoing of the mother. We reaffirm the holding of the *Fullen* case. Support obligations are for the benefit of the children and if the custodial parent does not have the financial ability to support the children, the support obligation should not be reduced. But this is not the situation in the present case. In this case the court found, and the mother does not challenge the finding, that she is financially able to take care of the children. It is only after making this finding that the court could properly consider reducing the support obligation.

Parents have equal responsibility to support their children. *Petition of Quintana,* 83 N.M. 772, 497 P.2d 1404 (1972). New Mexico recognizes that if a parent does not support his child when legally required to do so, his rights to associate with the child can be terminated by the court. Where a custodial parent is financially able to support the children and the children refuse to visit their other parent due to the emotional influence of the custodial parent, the court in its discretion has the power to terminate future support obligations of the non-custodial parent. *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978); *Snellings v. Snellings,* 272 Ala. 254, 130 So.2d 363 (1961); *Spurrell v. Spurrell,* 205 Cal.App.2d 786, 23 Cal.Rptr. 414 (1962); *Gannon v. Gannon,* 258 Minn. 57, 102 N.W.2d 677 (1960). In the present case, the court found that the mother was financially able to support the children. It also found that the children refused to visit their father and that their refusal was due to the emotional, mental and physical influence of the mother. If circumstances change, the mother may petition the district court and the court may again modify its order.

As a final argument, Valeria Barela claims the court erred in failing to adopt a statement of evidence and proceedings as dictated by Rule 7(c) of the New Mexico Rules of Appellate Procedure for Civil Cases. N.M.R.Civ.App. 7(c) [§ 21–12–7(c), N.M.S.A.1953 (Supp.1975)]. Even if the court committed error by not adopting a statement, the error is harmless. It was her responsibility to perfect the record on appeal and since she chose not to challenge the findings of fact we are bound by those findings. *Westland Development Co. v. Saavedra,* 80 N.M. 615, 459 P.2d 141 (1969).

We affirm.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, J., concur.