587 P.2d 963

**Aleta Carol GOMEZ, Petitioner-Appellant,**

v.

**Vincent GOMEZ, Respondent-Appellee.**

**No. 11852.**

Supreme Court of New Mexico.

Dec. 1, 1978.

Rehearing Denied Dec. 20, 1978.

Richard M. Reidy, Albuquerque, for petitioner-appellant.

Lamb, Metzgar & Lines, Farrell L. Lines, Albuquerque, for respondent-appellee.

## OPINION

SOSA, Justice.

Appellant filed a petition in the District Court of Bernalillo County against appellee for child support arrearages and future child support. Appellant appeals from the court's judgment denying the petition. The issue presented by this appeal is whether or not child support payments, once they have accrued, may be forgiven. We hold they may not.

The original final decree of divorce was entered in 1976 and states in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS: . . .

2. That the Petitioner is hereby awarded the care, custody and control of the two minor children of the parties.

3. That Respondent shall pay reasonable child support in the amount of $31.00 per week.

4. The Respondent's visitation rights with the two minor children shall be initially directed and controlled by the staff at Programs for Children, and that the parties shall work toward establishing a relationship between the Respondent and the children. In the event that such attempt is unsuccessful, the Court will *reconsider the issue of child support.* . . (Emphasis added.)

Appellee made several child support payments as directed by the decree. The payments then ceased. In November 1977, appellant filed a petition seeking child support arrearages and future child support and asking that appellee be held in contempt of court. Appellee filed a response alleging that he should be relieved of his support obligation because the children were his adopted children and appellant would not allow him to visit with or be a father to the children.

The district court determined that appellee was not obligated to make child support payments, that appellant was not entitled to a judgment for child support arrearages, and that appellee was not in contempt of court. The district court found that appellant refused to allow appellee to have any contact with the children, that appellant did not cooperate with appellee in making arrangements for the children to visit with him, and that the child support payments ordered in the 1976 decree were conditioned upon appellant's cooperation in allowing appellee to establish a relationship with the children. The court concluded that appellant was not entitled to arrearages in child support payments or to future child support.

■ Section 22–7–6(B)(4), N.M.S.A.1953 (Supp.1975), provides that the district court may enter orders as may be *appropriate for* the care, custody and maintenance of minor children. Section 22–7–6(C), N.M.S.A.1953 (Supp.1975) provides:

The court may modify and change any order in respect to the guardianship, care, custody, maintenance or education of the children, whenever circumstances render such change proper. The district court shall have exclusive jurisdiction of all matters pertaining to the guardianship,

care, custody, maintenance and education of the children, and with reference to the property decreed or funds created for their maintenance and education, so long as they, or any of them remain minors.

The statute is clear. It allows a court to modify or change any child support order for care, custody and maintenance whenever the circumstances render the change proper. The question arises whether the statute permits a court to forgive child support arrearages.

In *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976), this Court looked to Missouri's statute, which is similar to our statute, to determine whether or not it had discretion to forgive accrued alimony or child support granted in a Missouri decree. This Court stated:

> [T]he Missouri trial court had no expressed power to modify arrearages. Mo. Rev.Stat. § 452.070 (1969) provided in part that "[t]he court, on application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper * * *." In *Schaffer v. Security Fire Door Company*, 326 S.W.2d 376 (Mo.Ct.App.1959), rev'd on other grounds, 332 S.W.2d 860 (1960), the words "make such alteration, from time to time" were construed to refer only to the *future and to confer no power upon a court to cancel accrued child support under a former decree*. (Emphasis added.)

*Id.* at 237, 549 P.2d at 1072. Because the Missouri court granting the divorce lacked power to modify accrued alimony and child support, the New Mexico district court similarly lacked this power. This Court reversed the district court for failing to grant judgment for the entire amount of alimony and child support arrearages due and owing at the time of the hearing.

In *Barela v. Barela*, 91 N.M. 686, 688, 579 P.2d 1253, 1255 (1978), this Court recently stated:

> Where a custodial parent is financially able to support the children and the children refuse to visit their other parent due to the emotional influence of the custodi-

al parent, the court in its discretion has the power to terminate *future* support obligations of the noncustodial parent. (Citations omitted and emphasis added.)

*See Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978). This Court affirmed the trial court's decision in *Barela* granting judgment for arrearages and relieving the father of paying future child support.

In the case at bar, the 1976 decree provided that the parties should work toward a proper relationship between appellee and the children; if that failed, the court would reconsider the issue of child support. It should be noted that appellee never filed an application seeking modification of the 1976 child support order.

■ We hold that under § 22–7–6(C) a court does not have discretion to modify *past*, as distinguished from future, child support payments. Arrearages once accrued cannot be forgiven. *See Catlett v. Catlett*, 412 P.2d 942 (Okl.1966). Therefore, the child support payments should have continued at the same rate until appellee brought the matter to the attention of the court. Appellee is responsible for child support payments up to the date of the hearing.

The trial court is affirmed as to its conclusion that appellee is not obligated to make future child support payments and reversed as to its conclusion that appellee is not obligated to pay child support arrearages. The matter is, therefore, remanded to the district court with directions to enter a judgment in favor of appellant in the amount of the arrearages.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.