722 P.2d 667

**Corley Sue BRANNOCK, a/k/a Sue James, Petitioner-Appellant,**

v.

**John F. BRANNOCK, Respondent-Appellee.**

**No. 8186.**

Court of Appeals of New Mexico.

Dec. 10, 1985.

Jon T. Kwako, Albuquerque, for petition-er-appellant.

James R. Toulouse, Toulouse, Toulouse & Garcia, P.A., Albuquerque, for respon-dent-appellee.

## OPINION

ALARID, Judge.

Mrs. Corley Sue Brannock, petitioner-appellant, appeals from an order of the trial court which dismissed her petition for past due child support and which modified future support by cutting the amount due from $225.00 per month to $100.00 per month. Petitioner raises three issues on appeal:

I. Laches is inapplicable in an action to collect past due installment judgments which is within the statute of limitations.

II. The trial court abused its discretion by retroactively modifying past due child support and excusing the nonpayment of the respondent.

III. The trial court erred as a matter of law in finding a valid waiver and then applying a waiver of child support.

We hold that the trial court's finding of a waiver was proper and, therefore, affirm the trial court for the reasons set forth in this opinion.

**FACTS**

The parties were married in 1975, and divorced in 1978. Petitioner had two children, ages 8 and 11, by a previous marriage; respondent adopted these children. The final decree provided that respondent was to pay $225.00 per month on behalf of these children. Respondent paid this amount until June of 1979. In April of 1979, petitioner remarried; in August of 1979, she, her new husband and the children moved to Colorado. Before she left, the parties met in the office of petitioner's attorney. At that time, petitioner wanted respondent to give her $1000.00 in return for which she would agree to reduce the child support obligation to $100.00 per month. Respondent refused because he was not in arrears.

At the time petitioner moved to Colorado, all respondent knew was that she had moved. She never did tell him where she was going and he did not look for her. Petitioner lived in Colorado until 1982, when she divorced her new husband and moved to Oklahoma to live with her mother. The parties had some telephone contact when petitioner was in Colorado. The subject of the conversations was automobiles. Respondent had to get his name off the title of a car so that petitioner and her new husband could trade it in on a truck. Much of this contact was handled between respondent's credit union and the truck company in Colorado. Although petitioner testified that she gave respondent her address and demanded child support during these conversations, respondent denied these facts.

The parties also had contact when petitioner was in Oklahoma. At first, respondent did not know exactly where she was, then petitioner asked him to come visit, which he did. During this time, petitioner

again did not ask for any child support. In 1983, petitioner moved to Grants. Respondent called petitioner's mother in Oklahoma and was told that she moved to Texas. The next time respondent heard from her was in the fall of 1983, when she came to his apartment. Petitioner described the visit. She said she went to his apartment because she needed financial help. He gave her $700.00. Shortly after that, she needed some more help and respondent sent her another $700.00. The first $700.00 was for a waterbed and the second $700.00 was for a down payment on a house and a graduation ring for the oldest child.

From the time petitioner left until respondent heard from her in Oklahoma, he could not send any money because he did not know where she was. During all this time, respondent never heard from the children. Petitioner acknowledged that neither she nor the children ever wrote to respondent and that the children never called him. Nor did petitioner encourage the children to call. At one point, the oldest child went to live with his natural father.

When respondent visited petitioner in Grants in March of 1984, she asked for past due arrearages. He told her that he did not have the money to pay the arrearages. He said he needed the money to fix his car and that that would cost a small fortune. Respondent never put any money aside for this purpose nor attempted to save money for his children. After respondent went to Grants in March, the parties had a telephone conversation. According to respondent, "She said if I would give her $100.00 a month, she would not take me to court. And I sent $100.00 every month starting in April, which she agreed to."

Petitioner filed her action for past due support on April 17, 1984. By amended response, respondent set forth the basic facts on which he relied for defense to the action. These facts were that petitioner left without telling respondent where she was going, that no demand for child support was made by petitioner prior to when she was in Grants in the fall of 1983, and

that petitioner advised respondent in 1984 that since he had not seen the children, she would not demand arrearages if he would pay $100.00 per month. Based on these facts, respondent's written response said that the claim was barred by "statute of limitations, release, estoppel and by failure of the Petitioner to keep Respondent advised of her address. Under the facts and circumstances the said Court should enter its order releasing and discharging Respondent from past and future obligations and to pay for the minor children * * *."

At the close of the hearing, petitioner argued that the burden was on respondent to find her. Respondent argued that various defenses applied. Petitioner replied that the court should not allow him to shift the burden and that, if he did not know where the children were, he should have come back into court to modify the child support on that ground. The court orally stated that the equities were with respondent, that there was a settlement agreement in March which he would enforce, and that petitioner waived the past due child support and was guilty of laches. Findings of fact in accordance with this ruling were entered.

The only findings of fact addressed in petitioner's brief are finding 8, concerning the agreement; finding 11, concerning the absence of a demand for child support, which petitioner complains was contrary to the testimony that she demanded and received money in late 1983 and 1984; and finding 13, concerning an "implication" that respondent never knew where petitioner was, which petitioner complains is contrary to the evidence that, once petitioner was in Oklahoma, respondent knew where she was.

## DISCUSSION

Because petitioner does not complain about other findings, or does not complain about findings 11 and 13, except that they might imply matters contrary to other findings, all findings except finding 8 are accepted as the facts of the case. *State v. Pedroncelli*, 97 N.M. 190, 637 P.2d 1245 (Ct.App.1981). Because findings supported

by contradictory testimony are upheld on appeal as supported by substantial evidence, finding 8 will also be accepted as a fact of the case. *Specter v. Specter,* 85 N.M. 112, 509 P.2d 879 (1973). *See also Tapia v. Panhandle Steel Erectors Co.,* 78 N.M. 86, 428 P.2d 625 (1967). Thus, the only questions which need to be addressed on this appeal are whether the custodial parent can waive past due child support; whether the waiver has to be in express, in writing, and approved by the court; whether this defense has to be specifically pleaded; and whether respondent's unclean hands will bar his reliance on it.

■ At the outset, it must be noted that a finding of waiver is not tantamount to a ruling retroactively modifying past due support. In *Mask v. Mask,* 95 N.M. 229, 620 P.2d 883 (1980), the court said, "Generally a court cannot retroactively modify a support order that has accrued and become vested * * *. However, * * * in a proceeding for the enforcement of a support order, any valid defense against payment may be raised * * *." *Id.* at 231, 620 P.2d 883 (citations omitted). In *Cain v. Cain,* 91 N.M. 423, 575 P.2d 607 (1978), a decision under California law, the court said, "although the courts have no power to modify the decree granting alimony, the beneficiary spouse may waive the payment of past due amounts or be estopped to collect the money." *Id.* at 425, 575 P.2d 607. In a recent case, the Oklahoma Court of Appeals said:

> The thrust of [another case] appears to align Oklahoma with a majority of American jurisdictions and England which observe the general rule that in proceedings to enforce an order for child support various defenses are available to the obligor such as laches, estoppel, waiver, acquiescence, release or agreement.

*Kissinger v. Kissinger,* 692 P.2d 71, 74 (Okl.App.1984) (citing 15 cases).

*Britton v. Britton,* 100 N.M. 424, 671 P.2d 1135 (1983), on which petitioner relies, is not to the contrary. *Britton* recognized that, although child support may not be retroactively modified, the statute of limitations could bar a stale claim for support.

The fact that it did not bar the claim in *Britton* does not mean that it is unavailable. Similarly, the supreme court recognized that laches could be available, but upheld the trial court on the factual question of whether laches applied to that case. *Britton,* therefore, does not stand for the proposition that no defenses are available to actions for child support arrearages.

Petitioner also relies on *Martinez v. Martinez,* 98 N.M. 535, 650 P.2d 819 (1982), for the proposition that parties cannot, by agreement alone, modify support obligations. From this, she asserts that she could not agree to waive past due arrearages. *Martinez* was a case which involved a mother who was receiving AFDC payments. In the context of that case, the court stated that parents cannot enter into agreements to extinguish their duty of support when public assistance was paying for the support. This is undoubtedly true. However, it has no application to this case, which does not involve public assistance. In this case, there was no evidence that the children were in danger of becoming public charges; indeed, there was no evidence that the children were not well-cared for even when respondent was not paying child support.

■ Thus, neither the fact that a court cannot retroactively modify past due child support nor the fact that a parent cannot unilaterally modify it, have any bearing on the question of whether a defense such as waiver, agreement, release, or acquiescence is applicable to a particular action for enforcement of an order. Moreover, the waiver that the court found was express, and it was eventually approved by the court. Plaintiff did not assert below that the agreement had to be in writing. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp.1983). She did claim that a waiver was not pleaded. However, respondent did plead the facts which constituted the agreement upon which the court found the waiver. The pleading was sufficient to give petitioner a fair idea of what respondent was asserting. *Gonzales v. Oil, Chemical & Atomic Workers International Union,* 77 N.M. 61, 419 P.2d 257 (1966). *Cf. Ciesielski v.*

*Waterman,* 86 N.M. 184, 521 P.2d 649 (Ct. App.), *rev'd on other grounds,* 87 N.M. 25, 528 P.2d 884 (1974) (a pleading of negligence and exclusive control is sufficient for res ipsa loquitur). Additionally, the court allowed the pleadings to be conformed to the evidence and there is no allegation that this was erroneous.

The last question petitioner raises which needs to be addressed is whether respondent's unclean hands will bar relief. Whether the doctrine of clean hands should be invoked is in the sound discretion of the trial court. *Home Savings & Loan Association v. Bates,* 76 N.M. 660, 417 P.2d 798 (1966). Given the trial court's factual findings, which are either unchallenged or supported by substantial evidence, the trial court did not exceed the bounds of reason by refusing to impose any blame on respondent. *See Wolf & Klar Cos. v. Garner,* 101 N.M. 116, 679 P.2d 258 (1984).

For the reasons stated above, we affirm the order of the trial court and do not need to reach the other issues raised by the petitioner regarding laches and retroactive modification.

Respondent is awarded his costs on appeal.

IT IS SO ORDERED.

WOOD and BĬVINS, JJ., concur.