733 P.2d 14

**Rogelio REYES, Jr.,
Petitioner-Appellant,**

v.

**Jacqueline L. REYES,
Respondent-Appellee.**

**No. 8563.**

Court of Appeals of New Mexico.

Jan. 13, 1987.

Certiorari Denied Feb. 18, 1987.

W.H. Greig, Van Soelen, Greig & Gutierrez, Clovis, for petitioner-appellant.

Robert G. Marcotte, Albuquerque, for respondent-appellee.

**OPINION**

GARCIA, Judge.

Petitioner and respondent were divorced in Colorado. The decree awarded alimony to respondent but made no mention of petitioner's military retirement. Subsequently, petitioner filed the decree in New Mexico and attempted to terminate the alimony obligation. Respondent answered and also requested that the trial court award her a portion of petitioner's military retirement. The trial court refused to terminate the alimony and awarded respondent a portion of the military retirement.

Petitioner appeals from the award of part of his military retirement benefits to respondent. The sole issue on appeal is whether the trial court erred in reopening the Colorado divorce decree and awarding military retirement benefits to respondent,

some five and one-half years after the grant of divorce. One other issue, listed in the docketing statement but not briefed, is abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.), *cert. denied*, 102 N.M. 734, 700 P.2d 197 (1985). We agree with petitioner and reverse.

 The authority to modify a division of property in a prior divorce action depends on the law of the jurisdiction that granted the award. *See Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976); *Dunning v. Dunning*, 104 N.M. 296, 720 P.2d 1237 (Ct.App.1985), *rev'd on other grounds*, 104 N.M. 295, 720 P.2d 1236 (1986). Thus, since the divorce decree in this case was granted in Colorado, that state's substantive law is to be applied in any modification.

In a Colorado proceeding, *In re Marriage of Ellis*, 36 Colo.App. 234, 538 P.2d 1347 (1975), *aff'd*, 191 Colo. 317, 552 P.2d 506 (1976), the court held that military retirement benefits do not constitute property and are not subject to division upon dissolution of marriage. Because Colorado's substantive law must be followed, the New Mexico trial court was without authority to award respondent part of petitioner's military benefits. Although respondent contends that she is not attempting to modify the Colorado decree but, rather, is filing a separate action under NMSA 1978, Section 40–4–20 (Repl.1986), still she is not entitled to do in New Mexico what she could not do in Colorado. *See Dunning.* The language of Section 40–4–20 provides for a post-decree division of property "which *could* have been litigated in the original proceeding for dissolution of the marriage." (Emphasis added.) Here, respondent's military retirement benefits could not have been litigated in the original proceeding since such benefits are not recognized under Colorado law as marital assets. For these reasons, the trial court is reversed and the case is remanded for the court to amend its order to conform with this opinion. Petitioner is awarded his appellate costs.

IT IS SO ORDERED.

BIVINS and FRUMAN, JJ., concur.