This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SABINA ZOLTE**,

Petitioner-Appellee,

v.  NO. 30,883

**ARNOLD LIEBERMAN**,

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Judge**

Sabina Zolte
Buffalo, NY

Pro Se Appellee

Law Office of Roger L. Prucino
Roger L. Prucino
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Respondent appeals from the district court's order that denied Respondent's motion to enforce an agreement and vacate the foreign judgment or, in the alternative,

the order denied Respondent relief from the foreign judgment and domesticated the judgment in New Mexico. We issued a notice of proposed summary disposition, proposing to affirm. Respondent has responded to our notice with a memorandum in opposition. We have considered Respondent's response and remain unpersuaded that the district court erred. Accordingly, we affirm.

Respondent has raised three main issues on appeal. First, Respondent asks whether there was an agreement between the parties that modified Respondent's obligation to pay Petitioner alimony. [DS 6] Second, Respondent asks whether Petitioner's conduct precludes the enforcement of his alimony obligation under the doctrine of equitable estoppel, the doctrine of waiver by estoppel, and the doctrine of laches. [DS 6-7] Third and lastly, Respondent asks whether the district court erred by enforcing the 1978 judgment (divorce decree) under Rule 1-060(B) NMRA. [DS 7-8]

In response to our notice, Respondent challenges the district court's findings that Petitioner could validly wait until it became financially reasonable to enforce the original judgment and that her inaction did not mislead Respondent into believing that she had acquiesced in the nonpayment of his alimony obligation. [MIO 1-6] Under the same general arguments and emphasis about how the parties' past dealings indicate that Petitioner acquiesced in the nonpayment of alimony, Respondent argues that Petitioner is precluded from seeking past alimony under the doctrines of equitable

estoppel or waiver and laches. [MIO 6-11] It appears Respondent has abandoned his argument under Rule 1-060(B) NMRA. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

Initially, we note that we continue to agree with the district court that the parties did not reach an agreement that would absolve Respondent of his alimony obligation. Respondent argues that the correspondence between the parties does not constitute a rejection of Respondent's offer. The correspondence certainly does not constitute an acceptance; it constitutes a rejection. Petitioner's first letter did not expressly accept the offer; the second expressed doubt about the offer and requested the alimony Respondent owed her for the few preceding months; and the third letter from Respondent to Petitioner acknowledged that there was no agreement between the parties and asked Petitioner to reconsider. [RP 54-61, 83]

We are not persuaded that Petitioner's inaction in collecting alimony payments for the years that followed their disagreement about future alimony payments and her demand for arrears could reasonably mislead him into believing that she waived her right to alimony. We defer to the district court's finding that Petitioner credibly and reasonably waited for alimony to accrue to assert her right to arrears, particularly given Respondent's admitted pattern of late payments and Petitioner's continual

insistence that Respondent pay on his obligation. [MIO 4-6] *See Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."); *Maestas v. Martinez*, 107 N.M. 91, 93, 752 P.2d 1107, 1109 (Ct. App. 1988) (stating that a reviewing court may not assess the weight of evidence except "[w]here an issue to be determined rests upon the interpretation of documentary evidence"). We continue to believe that Respondent makes no suggestion that any other event or conduct from Petitioner would support an honest and reasonable belief that Petitioner waived alimony. Petitioner did not, for instance, take a portion of Respondent's social security payments in lieu of alimony payments, as Respondent suggests the parties' agreement would reflect. We note that Respondent's arguments do not refer us to case law that supports his position over the concerns and case law set forth in our notice.

For these reasons, we are not persuaded that there existed an implied agreement or that Petitioner's conduct could have reasonably induced Respondent to stop making alimony payments and refrain seeking to modify alimony in the New York court or that Respondent lacked knowledge or notice that Petitioner would assert her right to alimony. *See DeArmond v. Halliburton Energy Servs., Inc.*, 2003-NMCA-148, ¶ 11, 134 N.M. 630, 81 P.3d 573 ("A party's acceptance of a written offer may be express or implied by conduct."); *Sisneroz v. Polanco*, 1999-NMCA-039, ¶¶ 11-18, 126 N.M. 779, 975 P.2d 392 (holding that the mother's inaction in establishing paternity and

4

pursuing child support for eleven years did not constitute an unequivocal act of waiver or acquiescence); *Cain v. Cain*, 91 N.M. 423, 424-25, 575 P.2d 607, 608-09 (1978) (reversing a ruling that laches applied to an ex-husband's claim that he thought his alimony obligation lasted only a year where his ex-wife failed to enforce alimony payments for eighteen years, holding that there was no substantial evidence of a real neglect and an unreasonable delay which prejudiced the ex-husband).  Therefore, we affirm the district court's rejection of Respondent's reliance on equitable principles to forgive his alimony obligations.

For the reasons stated in this opinion and in our notice, we affirm.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**