This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JAMES A. BURRELL d/b/a**
**AMERICAN LEGENDS**
**CONSTRUCTION,**

Plaintiff/Counterdefendant-Appellee,

**v.**                                    **No. 36,046**

**SHIRLEY MAE SHIPTON,**

Defendant/Counterclaimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Miguel Garcia
Alamogordo, NM

for Appellee

Jane B. Yohalem
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}      Defendant/Counterclaimant Shirley Mae Shipton (Homeowner) appeals from an adverse judgment. We previously issued a notice of proposed summary disposition

in which we proposed to vacate and remand for further proceedings. No response has been received from Defendant/Counterclaimant-Appellee (Builder). Homeowner has filed a memorandum in opposition. After due consideration, we adhere to our initial assessment.

**{2}** We set forth the pertinent background information and relevant principles of law at length in the notice of proposed summary disposition. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

**{3}** As previously described, the findings and conclusions wholly fail to address significant issues. This precludes us from engaging in meaningful appellate review. *See Miller v. Bank of Am., N.A.*, 2015-NMSC-022, ¶ 30, 352 P.3d 1162 ("It is the [district] court's duty to make findings of the essential or determining facts, on which its conclusions in the case were reached, specific enough to enable this court to review its decision on the same grounds as those on which it stands." (alteration, internal quotation marks, and citation omitted)).

**{4}** Homeowner urges this Court to reverse on the merits, as opposed to vacating and remanding. [MIO 1-7] She contends that there is no need for additional findings relative to the "central legal issue" on appeal, arguing that the record before us is sufficient to definitively establish that the district court erred as a matter of law in concluding that Homeowner waived her rights. [MIO 1-6] However, contrary to

Homeowner's suggestion, [MIO 3] Builder's failure to plead waiver as an affirmative defense did not necessarily prevent the district court from considering that issue. *See, e.g.*, *Brannock v. Brannock*, 1985-NMCA-116, ¶ 15, 104 N.M. 416, 722 P.2d 667 (indicating that a waiver need not be affirmatively plead, observing that a waiver was appropriately considered where the opposing party was given "a fair idea" that it was being asserted and ultimately concluding that the court permissibly allowed the pleadings to be conformed to the evidence). And contrary to Homeowner's further assertions, [MIO 3-6] this is a situation where application of principles of waiver, the common law contract doctrine of waiver, as well as the analogous doctrines of ratification and acquiescence, which might conceivably apply. *See, e.g.*, *Stewart v. Lucero*, 1996-NMSC-027, ¶ 18, 121 N.M. 722, 918 P.2d 1 (applying same).

{5}     As previously described at length in the notice of proposed summary disposition, we question whether the district court's handling of the waiver issue is susceptible to affirmance. Nevertheless, the court's judgment is entitled to a presumption of correctness. *See Tartaglia v. Hodges*, 2000-NMCA-080, ¶ 27, 129 N.M. 497, 10 P.3d 176 (stating that, in reviewing the district court's findings after a bench trial, "we view the evidence in a light most favorable to the decision below, we resolve all conflicts in the evidence in favor of that decision and . . . disregard evidence to the contrary, we defer to the [district] court in regard to the weighing of

conflicting evidence, and we indulge every presumption to sustain the judgment of the [district] court"). In this case we have declined to rely upon that presumption because the information that is presently available to us has given us serious pause. However, we do not believe we have sufficient information to definitively determine whether there is an adequate basis in law or fact for the district court's adoption of Builder's argument. *See Toynbee v. Mimbres Mem'l Nursing Home*, 1992-NMCA-057, ¶ 16, 114 N.M. 23, 833 P.2d 1204 ("[W]here doubt or ambiguity obscures the basis for the judge's ruling, or where the findings are insufficient to permit the reviewing court to properly decide the issues raised on appeal, justice may require that the cause be remanded for adoption of additional findings and conclusions so as to clarify a determinative issue."); *see, e.g.*, *Foutz v. Foutz*, 1990-NMCA-093, ¶¶ 16, 21, 110 N.M. 642, 798 P.2d 592 (observing that findings and conclusions must be sufficient to enable the appellate court to conduct meaningful review, and ultimately vacating and remanding for further proceedings where the district court's verbatim adoption of one party's proposed findings and conclusions failed to resolve all of the issues presented by the evidence and did not adequately support the conclusions reached).

{6}     In addition to the foregoing considerations, we once again note that the complete failure of the findings and conclusions to address Homeowner's accord and satisfaction argument, as well as her counterclaims, remains an insurmountable

4

impediment to meaningful appellate review of the judgment ultimately rendered. Homeowner does not appear to take issue with this assessment. [MIO 6-7]

{7} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we vacate the underlying judgment and remand for further proceedings consistent herewith.

{8} **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

5