631 P.2d 1330

**In the Matter of the ESTATE OF Phillip RUTHER, deceased.**

**Rubal RUTHER, Petitioner-Appellant,**

v.

**Richard RUTHER, Personal Representative-Respondent-Appellee.**

No. 4899.

Court of Appeals of New Mexico.

July 2, 1981.

Robert R. Fuentes, Corrales, for petitioner-appellant.

Harold O. Gore, P. C., Dan B. Buzzard, Clovis, for personal representative-respondent-appellee.

## OPINION

SUTIN, Judge.

On November 20, 1979, Rubal Ruther filed an application for Informal Appointment of Personal Representative In the Matter of the Estate of Phillip Ruther, deceased. The application alleged that decedent, at the time of his death was domiciled in Albuquerque, Bernalillo County, New Mexico. The application stated that so far as known or ascertainable, the name and address of heir of decedent was Lena Arnett, P. O. Box 146, Haman, Oklahoma, 73650.

On December 11, 1979, the district court entered an Order for Informal Appointment of Personal Representative, naming Rubal as personal representative of the estate. The court found that venue was proper and that Rubal was unaware of any unrevoked testamentary instrument relating to property having a situs in New Mexico. Rubal accepted the appointment, letters were issued, and notice to creditors was filed and published. Rubal failed to name ten of the eleven heirs, including Richard Ruther, and no notice of the proceedings was given to any heirs.

On May 6, 1980, an Order of Consolidation was entered that certified copies of papers "In the Matter of the Estate of Phillip Ruther, Deceased . . . Curry County . . . be consolidated with" Rubal's informal proceedings.

On May 19, 1980, Richard Ruther filed a Petition for the Court to Determine the Domicile of Decedent Phillip Ruther. Richard alleged that he was a legal heir and sole devisee of a purported Last Will and Testament of Phillip Ruther, dated January 28, 1975; that Richard was without knowledge of the informal proceedings undertaken by Rubal in Bernalillo County; that Richard filed a Petition to Probate the Will in the Probate Court of Curry County; that the only action in Curry County taken was to dismiss his Petition and transfer the Will to the District Court of Curry County, on February 27, 1980.

On the same day, Richard filed a Petition in the District Court of Curry County for Formal Probate and for Appointment of Personal Representative, with notice mailed and publication made. Rubal intervened and gave notice of the pending informal probate proceedings in Bernalillo County. Rubal filed a notice of improper venue on March 19, 1980, and on hearing the court held that the issue should be decided in Bernalillo County and signed an Order of Abatement and Transfer on April 20, 1980. Richard's Petition of May 19, 1980, also alleged that although decedent died in Bernalillo County on November 8, 1979, his domicile on the date was Curry County.

On June 16, 1980, Richard filed an Amended Petition for Formal Probate and Appointment of Personal Representative in Bernalillo County with notice given. On the same day, an Order Setting Date of Hearing was filed. The court ordered that the hearing be set on the "31st day of July, 1980, at 9:00 A.M. at the District Courtroom of the Curry County Courthouse, Clovis, New Mexico, before this Court."

Notice of the hearing was made by publication and made personally by mail to individual heirs and attorneys.

On June 23, 1980, an Order was filed based upon a hearing on a motion of Richard that was held on June 11, 1980. The court found that decedent was domiciled in Bernalillo County, that all probate proceedings were consolidated and that venue and jurisdiction were properly found in the District Court of Bernalillo County.

On June 24, 1980, Richard filed Demand for Jury of 12 persons.

Trial was had in Curry County. The jury brought in a verdict "that Phillip Ruther's Will was properly executed and that it was not the product of undue influence." Judgment on the Verdict was entered "that the last will and testament of Phillip Ruther, deceased, be, and it is hereby, admitted to formal probate in the above-entitled cause." Rubal appeals. We affirm.

**A.** *Jury trial was properly held in Curry County.*

■ Rubal's position appears to be that the informal probate proceedings took precedence over the formal probate of the Last Will and Testament of Phillip Ruther and, in an informal probate proceeding, no jury trial is allowed.

The informal proceeding and the formal testacy proceeding were consolidated. Before the informal proceeding could continue with administration, the validity of the Last Will and Testament of Phillip Ruther had to be determined. Rubal had to refrain from exercising any power of administration. Section 45–3–414(A), N.M.S.A.1978. To determine the validity of the Will required a hearing before a trier of the fact. This hearing was "a formal testacy proceeding," and in such a proceeding, see § 45–3–401, "[i]f demanded, in the manner provided by the Rules of Civil Procedure, a party is entitled to a trial by jury . . . ." Section 45–1–306, N.M.S.A.1978. Richard made such demand and was entitled to trial by jury, there being no issue on appeal as to the timeliness of the jury demand.

■ Rubal's main argument appears to be that since the trial court had entered an Order that jurisdiction and venue were in Bernalillo County, trial could not be held in Curry County. "Jurisdiction is the power to hear and determine a cause." *Rutherford v. Buhler*, 89 N.M. 594, 596, 555 P.2d 715 (Ct.App.1976).

The trial court retained jurisdiction of this case in Curry County and presided at the trial.

On the issue of venue, § 45–3–201 reads in pertinent part:

A. Venue for the first informal or formal testacy or appointment proceedings after a decedent's death is:

(1) in the county where the decedent had his domicile at the time of his death . . . .

*   *   *   *   *   *

B. Venue for all subsequent proceedings is in the place where the initial proceeding occurred, unless the initial proceeding has been transferred as provided in Section 1–303 [45–1–303 NMSA 1978]
. . . .

Section 45–1–303(C) reads:

If a court finds that in the interest of justice a proceeding . . . should be located in another court of New Mexico, the court making the finding may transfer the proceeding . . . to the other court.

The transfer of a proceeding to another court rests within the discretion of the trial court.

When requested to fix a time and place of hearing for adjudication of testacy, absent a finding that the proceeding should be heard in Curry County in the interest of justice, the court transferred the proceeding to Curry County. No objection was made to this Order. Rubal never objected to the absence of a finding that transfer to Curry County was in the interest of justice; such a finding was implicit in the Order of June 16, 1980, setting the matter for trial in Curry County. See *State v. Tartaglia*, 80 N.M. 788, 461 P.2d 921 (Ct.App.1969). Immediately prior to trial, Rubal asserted that the court was without jurisdiction to try the matter in Curry County. The answer is that § 45–1–303(C) authorized the trial in Curry County. This statutory authority for venue makes inapplicable cases such as *Davey v. Davey*, 77 N.M. 303, 422 P.2d 38 (1967) and *Peisker v. Chavez*, 46 N.M. 159, 123 P.2d 726 (1942).

The venue of this testacy proceeding was properly transferred to Curry County. No basis can be found upon which to hold that Richard was not entitled to trial by jury in Curry County.

B. *Substantial evidence supports the validity of the Will.*

It is Rubal's position that the purported Will of Phillip Ruther was prepared under undue influence of Richard. He also seems to contend there was a lack of proof as to due execution of the Will.

In contested cases, Richard, a proponent of the Will, had the burden of establishing prima facie proof of due execution, death and venue. Rubal, a contestant, "will have the burden of establishing . . . undue influence." Section 45–3–407. Richard easily carried his burden. Rubal did not.

For Rubal to establish undue influence means that Rubal must prove that Richard exercised "influence, improperly exerted, which acts to the injury of . . . [Phillip Ruther] swayed by it or the injury of those persons whom . . . [Phillip Ruther] would have benefited. It is immaterial whether such influence is exercised directly or indirectly." *Brown v. Cobb*, 53 N.M. 169, 172, 204 P.2d 264, 266 (1949).

The testimony was substantial that there was due execution of the Will. The testimony was such that no presumption of undue influence arose. See *Galvan v. Miller*, 79 N.M. 540, 445 P.2d 961 (1968). Even if a presumption did arise, the evidence was such that the presumption was rebutted under both Evidence Rule 301, N.M.S.A. 1978 (Supp.1980) and *Galvan v. Miller*. The issue of undue influence and a presumption of undue influence were submitted to the jury under instructions which are not attacked. There being no complaint concerning the instructions and there being evidence substantially supporting the jury's verdict, there was no error in the verdict that the Will "was not the product of undue influence."

AFFIRMED. Costs are to be paid by Rubal Ruther.

IT IS SO ORDERED.

WOOD and LOPEZ, JJ., concur.