656 P.2d 892

**In the Matter of the ESTATE OF William Henry ELBELT, Deceased.**

**Pan T. RUTLAND, Appellant,**

v.

**Charles Francis SCANLAN, Appellee.**

**No. 5825.**

Court of Appeals of New Mexico.

Nov. 16, 1982.

Mark B. Thompson, III, Jeffrey W. Loubet, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque,· for appellant.

Daniel H. Friedman, Simons, Cuddy & Friedman, Santa Fe, for appellee.

## OPINION

DONNELLY, Judge.

We granted appellant Pan T. Rutland's application for an interlocutory appeal from an order of the trial court denying her motion to exclude evidence by appellee Charles Francis Scanlon, alleging the invalidity of the Last Will and Testament of William H. Elbelt, deceased, and a first codicil thereto.

On appeal appellant raises the single issue that the trial court erred in refusing her motion to exclude evidence that decedent was incompetent, or subject to the undue influence of appellant at the time he executed his will and testament dated October 3, 1980, and a first codicil of November 14, 1981. Appellant contends that evidence concerning the competency of decedent or whether he was subject to any undue influence is irrelevant and immaterial, since even if the allegations of the contestant were accepted as true, appellant would nevertheless be entitled to take decedent's entire estate as an omitted spouse pursuant to §§ 45–2–301(A) and 45–2–102, N.M.S.A. 1978. We affirm the trial court's denial of appellant's motion.

The facts pertinent to this appeal are undisputed. The testator, William H. Elbelt, at age 91 married Pan T. Rutland on September 24, 1980. The testator had been married twice before; his first wife predeceased him and his second marriage had been legally dissolved. No children or grandchildren survived him.

On October 3, 1980, nine days after his marriage to appellant, decedent executed a last will and testament. On November 4, 1981, he executed a first codicil to the will and two months later on January 4, 1982, he died. As provided under the will and codicil of 1980–81, decedent specifically devised and bequeathed all his real estate and personalty interests to appellant except for specific property which was left to his wife in trust, with the remainder to pass in equal shares upon her death to her two children.

Appellee, the decedent's nephew by marriage, filed notice of contest of the 1980 will and its codicil, alleging that the instruments were "executed at a time when the decedent was not competent to execute a Will" and that undue influence was exerted by appellant and other unnamed persons which invalidated the purported testamentary disposition.

Appellee later filed a petition seeking formal probate of a purported last will and testament of the decedent, dated March 25, 1971, and a first codicil dated May 14, 1971. Under the 1971 will and codicil, appellee was to receive a portion of the decedent's estate.

After a hearing on the petition seeking probate of the 1980 will and its codicil, the trial court denied the wife's motion to bar the appellee from presenting any evidence as to undue influence or decedent's lack of testamentary capacity.

Appellant argues chiefly that appellee's claims of undue influence and lack of capacity are irrelevant and that even if the claims asserted were proven, nevertheless appellant is entitled to the decedent's entire estate under § 45–2–301, *supra.* Despite the existence of any prior testamentary documents, appellant contends that if the court fails to uphold the validity of the will and codicil filed by her, in that event she must be deemed to be an omitted spouse and would thereby be entitled to the entire estate of her husband who died without issue. § 45–2–102, *supra.*

Section 45–2–102, *supra,* provides that a surviving spouse of an intestate decedent shall inherit one-half of the community property "as to which the decedent could have exercised the power of testamentary disposition." As to separate property, the surviving spouse, under the statute is entitled "(1) if there is no surviving issue of the decedent, [to inherit] the entire estate; or (2) if there is a surviving issue of the decedent, [to inherit] one-fourth of the intestate estate."

Section 45–2–301(A), *supra,* provides that a surviving spouse for whom a testator has failed to provide "shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional, or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence."

The appellant's arguments seek to foreclose contestant from presenting any evidence as to the validity of the will of October 3, 1980, and its codicil. Since the will and codicil executed by the decedent after his marriage to the appellant also made dispositions to persons other than appellant, the trial court is required to determine the validity of the testamentary documents to ascertain the testator's true intention. § 45–2–603, N.M.S.A.1978. The duty imposed upon a court where a contest is filed as to the efficacy of a will is stated in *Matter of Estate of Seymour,* 93 N.M. 328, 600 P.2d 274 (1979). There the court held that in order "[t]o determine whether any of the provisions of decedent's will can dispose of [his] property, the court must first determine the will's validity and whether it was the last one * * * executed."

Under the posture of the case before the trial court and the state of the pleadings, it is essential that the court determine (1) the validity of the purported last will and codicil filed by appellant, (2) the heirs and devisees of the decedent, and (3) determine whether there in fact exists a list of personal property bequeathed to certain individuals, as mentioned in the third para-

graph of decedent's October 3, 1980, will. In the face of the contest filed by appellee, the trial court must conclude whether the decedent died testate or intestate.

■ Where undue influence has been exerted upon a testator in the making of a will, the court must determine further whether the undue influence voids the entire will or only portions thereof. In *Hummer v. Betenbough,* 75 N.M. 274, 404 P.2d 110 (1965), the court quoted with approval the rule articulated by W. Bowe & D. Parker, in 1 *Page on the Law of Wills,* § 15.12, (1960):

If a part of the will is caused by undue influence, and such undue influence does not affect the remaining provisions of the will, the validity of the provisions which are not caused by such undue influence depends, in part, on whether it is possible to ascertain which portions are caused by the undue influence, and whether such portions, if ascertained, can be held to be invalid without destroying the intention of the testator. If it is not practicable to ascertain what portions of the will were caused by undue influence * * * without defeating the intention of the testator, the entire will is invalid.

■ In his response to the arguments advanced by appellant in his brief-in-chief, appellee contends that appellant's undue influence over the testator, if successfully established, would have the effect also of invalidating the October 3, 1980, premarital will and its codicil, and further would foreclose appellant from taking any intestate share under the provisions of § 45–2–301, *supra.* This contention was neither pleaded nor raised before the trial court; thus, it will not be considered on appeal.

■ Appellee claims that § 45–2–301 is not applicable where a post marriage will is procured as a result of the undue influence of a surviving spouse. We reject this argument. The proper area of inquiry is whether the decedent was competent to enter into a valid marriage. If so, even if the wife exercised undue influence so as to invalidate a latter testamentary disposition, the statute granting an intestate share to an omitted spouse still controls. *See* § 45–2–301, *supra.*

Appellant's attack upon the trial court's denial of her motion to exclude evidence as to the testamentary capacity or exertion of undue influence upon the testator ignores the requirement that a person having custody of a will must deliver it for probate, § 45–2–902, N.M.S.A.1978, and the trial court must determine the validity of each will filed with the court. § 45–2–102, *supra.*

■ Appellant's motion seeking the exclusion of evidence of alleged undue influence or the lack of testamentary capacity of decedent, was in the nature of a motion to exclude evidence on the grounds of irrelevance, waste of time, or prejudice under N.M.R.Evid. 402, or 403. The trial court correctly denied the motion. By express statutory provision it is required to determine the validity of, and the persons entitled to decedent's property under any testamentary document filed for probate. § 45–2–102, *supra.* The court must seek to carry out the intent of the decedent and to give effect to any valid testamentary disposition. *Matter of Estate of Hilton,* 98 N.M. 420, 649 P.2d 488 (Ct.App.1982), *cert. denied,* 98 N.M. 478, 649 P.2d 1391 (1982).

*In Matter of Estate of Lord,* 93 N.M. 543, 602 P.2d 1030 (1979), involved an issue arising from a contestant's efforts to exclude certain evidence. There the proponent of a contested will filed a motion in limine to exclude the presentation of evidence bearing on the existence of an alleged oral antenuptial contract whereby decedent purportedly agreed to leave all of her property to her husband. A motion in limine is appropriate only in jury trials. The Supreme Court held that "the issue is whether the oral agreement, irrespective of any evidence based thereon, was invalid as a matter of law, not the propriety of the name given to the motion" seeking to exclude evidence. *See also Matter of Estate of Hilton, supra.*

■ In the instant case, a motion to exclude evidence cannot take the place of

summary judgment, nor can the trial court rule as a matter of law that the purported post nuptial will of decedent was invalid where on its face it appears properly executed, or that the testator was incompetent at the time of its execution. Competency of a testator is presumed, absent evidence showing incompetency at the time of execution of a will. *Matter of Estate of Taggart*, 95 N.M. 117, 619 P.2d 562 (Ct.App.1980). In order to determine the validity of a contested will, an evidentiary hearing is required. *Matter of Estate of Ruther*, 96 N.M. 462, 631 P.2d 1330 (Ct.App.1981). The possibility that the trial court, after a trial on the merits, might conclude that appellee's contentions as to the alleged invalidity of the post marriage will were sound and thereby trigger the appellant's right to take under § 45–2–301, *supra*, does not preempt the court's initial duty to determine the validity of any documents offered for probate, and where warranted, to carry out the terms and provisions of such testamentary instruments.

The trial court did not err in denying the motion to exclude evidence. We affirm. Costs of appeal shall be paid by appellant.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.