## OPENSHAW v. OPENSHAW.

No. 6465.   Decided June 17, 1942.   (126 P. 2d 1068.)

See 17 Am. Jur., 494; 21 C. J. S., Courts, sec. 200.

*E. A. Rogers* and *H. G. Metos,* both of Salt Lake City, for appellant.

*White, Wright & Arnovitz,* of Salt Lake City, for respondent.

WADE, District Judge.

This action was originally a divorce action commenced in Salt Lake County in 1922. Orders herein have been before this court twice before. 80 Utah 9, 12 P. 2d 364; 86 Utah 229, 42 P. 2d 191.

On May 10, 1934, defendant petitioned the court to modify the decree of June 3, 1933, which had awarded the plaintiff $100 per month alimony for the support of plaintiff and one minor child. Defendant requested that such alimony be reduced to $50 per month and—among other things—his petition alleged:

"* * * that Donna Openshaw [the minor child of the parties] is about to graduate from high school and that she is now holding a salaried position as a stenographer in a doctor's office in San Francisco, California, and is no longer dependent upon this affiant for support and maintenance; that said Donna Openshaw is seventeen (17) years of age and will be eighteen (18) on October 8, 1934. * * *"

The plaintiff then counter-petitioned the court to modify the decree by increasing the payments to $300 per month. No hearing was had on these petitions until after a petition by the plaintiff had been filed and heard, asking that the court determine the amount owing on this judgment. At the conclusion of the hearing, it was called to the attention of Judge Ellett—the judge who presided at that hearing— that these petitions for modification were pending and undisposed of. At Judge Ellett's request the hearings on the petitions for modification were set before Judge Crockett of the same court.

At the hearing—October 29, 1941—no testimony was taken. After much discussion between the attorneys, the court, on motion of the defendant, dismissed both of these petitions. Prior thereto, the attorneys had made an oral

stipulation. After the hearing, the court made a minute entry dismissing the petitions and later, on November 8, 1941, the plaintiff's attorney served on defendant's attorney a proposed written order which was different from the minute entry. To this, defendant objected. After a hearing thereon, the court deleted parts of the order and then signed it. From this order the defendant appeals.

Defendant does not complain of the dismissal of the petitions, but he argues that the written order was contrary to the stipulation, the minute entry and the statements of the court. The stipulation in no way affects ▮ the situation nor is the court bound by the minute entry or the judge's statements in court, so the only question before this court is whether the written order was a proper one.

Defendant contends that, in making the written order, the court went beyond the issues raised by the petitions and the motion to dismiss them. The part of the order to which defendant objects reads:

"* * * Now therefore, this court makes and enters the following order:

"3. That in the determination of the amount of alimony that may be owing by the defendant to the plaintiff, that the alimony be accrued in sums of One Hundred Dollars ($100.00) per month from June 3rd, 1933 to October 29th, 1941, and that the plaintiff shall not be required to proceed before the District Court to secure an order segregating or determining what part, if any, of the alimony installments awarded by the decree of June 3rd, 1933 shall be used for the benefit of that minor child of the plaintiff and the defendant, who reached her majority on October 7th, 1935; that the monthly award of One Hundred Dollars ($100.00) a month was not abated or reduced, or modified, by reason of the fact that Donna Openshaw had reached her majority on October 7th, 1935.

"4. That this case is now returned to Judge A. H. Ellett's division of the court for a determination of the issue as to the amount of alimony that the defendant has paid to the plaintiff, and to determine the balance of alimony that is owing by the defendant to the plaintiff * * *"

Parts of each of these paragraphs are statements of what the other division of the court should do. The other division, of course, has the right to determine the issues before it and these statements could not limit or affect such determination. The remainder of the order is, in effect, a recital of the amount of alimony accruing under the order of the court and a decree that the amounts of alimony had not been abated, reduced or modified by reason of the fact that Donna Openshaw—the daughter of the parties—had reached her majority on October 7, 1935. This statement is, in effect, a dismissal, with prejudice, of these petitions. Under the facts and circumstances of this case, the court clearly did not err in so dismissing.

But even had there been no prejudice in the dismissal, the fact that the petitions were dismissed and that no other application had been made to the court to abate, reduce or modify the provisions of the decree which required the defendant to pay the plaintiff $100 per month, would preclude the court from revoking or modifying such provisions as to any installment of alimony which had already accrued. Even if the petitions had not been dismissed with prejudice, after dismissal the court was powerless to revoke or modify the amount of money which had already accrued under the decree. The fact that a child of the parties had reached her majority could have no effect thereon. After the dismissal there was no application pending before the court to modify the decree, and the court was powerless to modify as to installments which had already accrued. *Myers* v. *Myers*, 62 Utah 90, 218 P. 123, 30 A. L. R. 74; *Marks* v. *Marks*, 98 Utah 400, 100 P. 2d 207. The cases cited involve the modification, after remarriage, of a decree for a wife's support money. The court held that installments accruing after the remarriage and before an application to modify could not be changed. If the court does not have the power to modify a decree under those circumstances it clearly does not have such power under the circumstances of the instant case. Thus the dismissal of

these petitions had the effect of precluding the court from modifying the decree as to installments which had accrued prior to the time of dismissal and the court did not err in so dismissing.

The judgment of the trial court is affirmed. Costs to respondent.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ.

PRATT, J., on leave of absence.