617 P.2d 1322

**Bernabe DOMINGUEZ,
Plaintiff–Appellant,**

v.

**Esther CRUZ, a/k/a Mary E. Chacon,
a/k/a Esther Chacon,
Defendant–Appellee.**

**No. 4351.**

Court of Appeals of New Mexico.

Sept. 16, 1980.

Rehearing Denied Sept. 25, 1980.

Bruce G. Stafford, Cedar Crest, for plaintiff–appellant.

Eileen R. Mandel, Lauer & Mandel, Santa Fe, for defendant–appellee.

OPINION

ANDREWS, Judge.

The parties to this appeal lived together in a non–marital relationship from May 14, 1976, until October 8, 1977. Both parties brought certain property into the relationship and, during the time of the relationship, pooled their financial resources for their mutual benefit, shared household chores and expenses, bought property for joint use and ownership, and acquired personal property which they agreed would be jointly owned. The parties had planned to marry, but developed ill feelings toward each other. Upon termination of the relationship, Bernabe Dominguez filed an action seeking the return of certain property which he alleged was either owned by him prior to the inception of the relationship with Esther Cruz or purchased by him during the period the two were together.

The complaint and counterclaim asserted that certain personal property belonged to the claimant. The trial court found that each of the parties owned certain property and that other property was jointly owned. There is no issue as to the separate property, the claim goes to that which was jointly owned and the court's award of certain of that property to defendant.

After trial, the court concluded that each party had a right to possession of the separate property he or she brought into the relationship, and that "pursuant to an oral contract, implied partnership or joint venture, the parties acquired property jointly, and the parties are entitled to an equal distribution of that property . . . ." Dominguez asserts error, arguing that an agreement entered into by cohabitating adults, under a promise of marriage, is not a partnership or joint venture.

It is well–established that this state does not recognize "common law marriage." *Hazelwood v. Hazelwood*, 89 N.M.

659, 556 P.2d 345 (1976). We note, however, that the presence or absence of the marital state is not relevant in this action. Marriage is a form of civil contract between parties which, in New Mexico, must be licensed. *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974). Yet marriage is only one type of civil relationship and the possibility of others clearly exists. *See Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976), stating: "[A]dults who voluntarily live together and engage in sexual relations are nonetheless as competent as any other persons to contract respecting their earnings and property rights.... They may agree to pool their earnings and to hold all property acquired during the relationship." *Id.* at 116. In effect, in this appeal, we are asked to treat an arrangement for mutual support, joint purchase of personal property and distribution of incomes differently than we would treat any other civil relationship because the arrangement is "like a marriage." In our view, if an agreement such as an oral contract can exist between business associates, one can exist between two cohabiting adults who are not married if the essential elements of the contractual relationship are present.[1]

The trial court found that there was an agreement to own property jointly:

8. That the Plaintiff and Defendant agreed to buy property to be jointly used and owned and also to take vacations with the money that Plaintiff saved each month.

9. That the Plaintiff and Defendant purchased various items of personal property during the time that they lived together which they agreed would be jointly owned.

10. That the conduct of the Plaintiff and the Defendant during the time they lived together indicated an agreement and understanding that they would jointly own all personal property purchased during their nonmarital relationship which came

from funds earned during the relationship.

Since these findings were not attacked, they are conclusive on appeal, and the only issue presented here is whether the conclusion and judgment are correct on the basis of the unchallenged findings. *Springer Corporation v. American Leasing Co.*, 80 N.M. 609, 459 P.2d 135 (1969). Thus, the plaintiff's claim that the trial court erred in concluding there was an oral contract concerning the jointly–owned property is without merit. That conclusion is supported by the unchallenged findings.

Equally without merit is the plaintiff's contention that the conclusion concerning an oral contract is improper because the agreement was made in contemplation of marriage. This is simply not the case. The trial court found that at one time the parties planned to marry, but did not find that the agreement to pool resources and acquire property jointly was in any way dependent on marriage.

As there is no issue as to performance of the oral agreement, that the Statute of Frauds applies, that the agreement was contrary to public policy, or that the division of property was improper, the decision of the trial court is affirmed.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.

---

1. *Cf. Dolan v. Dolan*, 107 Conn. 342, 140 A. 745 (1928). (Where the court found that a husband and wife could be joint venturers where they had "combine[d] their property, money, efforts, skill or knowledge in some common undertaking." The common undertaking being pooling of monies for joint benefit in maintaining a home and meeting joint obligations.)