673 P.2d 1285

**Roy Eddie MERRILL,**
**Petitioner-Appellee,**

v.

**Pamela DAVIS, formerly Pamela D.**
**Merrill, Respondent-Appellant.**

**No. 14769.**

Supreme Court of New Mexico.

Sept. 14, 1983.

Shaw, Thompson, Webber & Giles, William F. Webber, Albuquerque, for respondent-appellant.

Mason & Rosebrough, James Jay Mason, Gallup, for petitioner-appellee.

## OPINION

PAYNE, Chief Judge.

This appeal challenges the trial court's property settlement and denial of alimony following the divorce of Pam Davis (Appellant) and Eddie Merrill (Appellee).

Appellant and Appellee were first married in November 1965 and divorced in February 1973. Five months after the divorce, they began cohabiting. They remarried in February 1978, but permanently separated in November 1978. Their second divorce was not entered until 1982.

During the period of cohabitation and prior to remarriage, the parties maintained a joint bank account. While cohabiting but before remarriage, Appellee purchased one hundred percent of the stock of Davis Tractor Company and managed the retail tractor business.

Also during the period of cohabitation but before remarriage, Appellee began construction of a house on property which he and Appellant had purchased as tenants in common. Appellee paid $18,000 toward the price of the land and material to construct the house. The money was proceeds of the sale of another house which had been awarded to Appellee as separate property by the original divorce decree in February 1973.

## I.

Appellant argues that the conduct of the parties creates an implied agreement to pool earnings and share accumulations acquired during cohabitation. Accordingly, she alleges that she has a one-half interest in the Davis Tractor Company stock, and that there should not be an $18,000 separate property lien on the land which was purchased as tenants in common.

■ The trial court found that the joint bank account, living as husband and wife, and Appellee's discontinuance of child support payments were not substantial evidence of an implied agreement to pool their resources and share equally in the accumulated property. We do not recognize an implied agreement as grounds for granting Appellant an interest in the property.

Appellant also argues that *Dominguez v. Cruz*, 95 N.M. 1, 617 P.2d 1322 (Ct.App. 1980) provides logical support for recognizing an implied agreement. In *Dominguez*, the court of appeals stated that "[I]f an agreement such as an oral contract can exist between business associates, one can exist between two cohabiting adults who are not married if the essential elements of the contractual relationship are present." *Id.* at 2, 617 P.2d at 1323. However, in *Dominguez*, there was an express oral agreement to hold property jointly. It is unnecessary for us to decide whether an express agreement between cohabiting adults may create property rights similar to those created by marriage. In this case, the issue is whether an agreement implied from conduct as married partners creates the security and rights created by marriage.

■ Initially, we note that common-law marriage is not acknowledged in New Mexico. *In re Estate of Lamb*, 99 N.M. 157, 655 P.2d 1001 (1982); *Dominguez*, 95 N.M. 1, 617 P.2d 1322; *In re Gabaldon's Estate*, 38 N.M. 392, 34 P.2d 672 (1934). For a marriage to be valid, it must be formally entered into by contract and solemnized before an appropriate official. *Hazelwood v. Hazelwood*, 89 N.M. 659, 556 P.2d 345 (1976); NMSA 1978, §§ 40–1–1 and –2.

Common-law marriage is not recognized because of "the possibility of fraud arising from claims of common-law marriage and the uncertainty which such claims of marriage inject into the affairs of individuals ...." *In re Estate of Lamb*, 99 N.M. at 160, 655 P.2d at 1004; *see also In re Gabaldon's Estate*, 38 N.M. at 396, 34 P.2d at 675. Recognition of the implied agreement as argued by Appellant would inject even

greater uncertainty than a common-law marriage in such matters as wrongful death actions and estate settlements. As we have stated, the problem would be "the ease with which a mere adulterous relation may become, in the mouths of interested and unscrupulous witnesses, a common-law marriage [or an implied agreement to share in the property acquired during cohabitation]." *In re Gabaldon's Estate,* 38 N.M. at 396; 34 P.2d at 675. If we were to say that the same rights that cannot be gained by common-law marriage may be gained by the implications that flow from cohabitation, then we have circumvented the prohibition of common-law marriage.

It is the policy of this state to foster and protect the institution of marriage. *In re Estate of Lord,* 93 N.M. 543, 602 P.2d 1030 (1979). The state's interest in marriage is recognized by statute which prescribes that the contract of matrimony be solemnized. NMSA 1978, §§ 40–1–2 and –3. We agree with the court, in *Hewitt v. Hewitt,* 77 Ill.2d 49, 31 Ill.Dec. 827, 394 N.E.2d 1204 (1979), where it stated:

> "[M]arriage is a civil contract between three parties—the husband, the wife, and the State. (Citations omitted.) ... [T]he State [has] a strong continuing interest in the institution of marriage and prevents the marriage relation from becoming in effect a private contract terminable at will."

77 Ill.2d at 63–64, 31 Ill.Dec. at 833, 394 N.E.2d at 1210.

## II.

With regard to alimony, Appellant contends that the trial court's finding of a stipulation that "neither party will pay alimony to the other" is not supported by substantial evidence. She argues that failure to grant her alimony is an abuse of discretion.

■ We agree, and Appellee concedes that the trial court was in error in its finding of a stipulation concerning alimony,

but this finding was harmless error with regard to permanent alimony. *Kennedy v. Bond,* 80 N.M. 734, 460 P.2d 809 (1969). Although Appellant did not specifically pray for alimony in her answer to Appellee's petition for divorce, she did request that the court:

> 2. Determine the parties' respective interests in jointly owned property and their responsibilities for jointly owned debts, and divide them equitably....
>
> 7. Order such other relief as the Court deems appropriate.

We have recognized that "even though not specifically requested, the court may, in an effort to equitably divide the community property, grant an award of alimony." *Ridgway v. Ridgway,* 94 N.M. 345, 346, 610 P.2d 749, 750 (1980); *see also Worland v. Worland,* 89 N.M. 291, 551 P.2d 981 (1976).

The trial court decreed that Appellant receive $58,500 as the balance due from her half of the community property following the second divorce. She is thirty-six years old, has a B.A. from the University of Texas at El Paso, and voluntarily withdrew from her teaching position subsequent to the second separation to continue her studies. The trial court received Appellant's evidence regarding her prayer for alimony. The record fails to disclose that she is in need of alimony or otherwise entitled to it for an equitable division of the property. *Hertz,* 99 N.M. 320, 657 P.2d 1169 (1983); *Ridgway,* 94 N.M. 345, 610 P.2d 749; *Weaver v. Weaver,* 100 N.M. 165, 667 P.2d 970 (1983). Each of the parties received $93,-882.87 as his or her respective share of community property.

■ Appellant also contends that Appellee was obligated to support her during the interim between separation and divorce, from November 1978 to August 1982. She received $17,627.87 from Appellee during this period. She asserts the trial court erred in deducting this sum from her share of community property. Appellant argues that *Hurley v. Hurley,* 94 N.M. 641, 615

P.2d 256 (1980) requires that she not be forced to use her share of the property settlement to meet her daily living expenses. We find that *Ellsworth v. Ellsworth,* 97 N.M. 133, 637 P.2d 564 (1981) is dispositive. In *Ellsworth,* this Court stated:

> The language in *Hurley* must be read in the context of the particular facts in that case and should not be read as an absolute prohibition on use of community property sales proceeds for support, since some situations may arise when fairness requires such use. To the extent that the *Hurley* case would preclude any consideration of the community property awarded to a spouse in reaching an equitable award of alimony, it is specifically overruled.

97 N.M. at 135, 637 P.2d at 566.

The issue is whether Appellant was entitled to temporary alimony during separation prior to divorce. We have already established that her answer was sufficient to request alimony. The trial court did have authority to grant temporary alimony during the pendency of the divorce proceeding. NMSA 1978, § 40–4–7(A). However, she is not entitled to support during separation as a matter of right. *Lauderdale v. Hydro Conduit Corp.,* 89 N.M. 579, 555 P.2d 700 (Ct.App.1976).

■ It is clear that Appellee voluntarily contributed the money during separation. There is some dispute as to whether it was agreed that the money was an advancement of Appellant's share of community property. However, she testified that the post-separation payments were considered to be "partly" in settlement of the community property division. When the payments are submitted in a divorce case for consideration by the court, the payments are subject to such action and classification as the court in its discretion may take. The court may make such award, or categorize the payment as in its discretion may seem just and fair. *Scanlon v. Scanlon,* 60 N.M. 43, 287 P.2d 238 (1955). Even if the parties had clearly agreed to alimony, the court still has discretion to deny or to award alimony and to consider the payment for support. *Brister v. Brister,* 92 N.M. 711, 594 P.2d 1167 (1979); *Ferret v. Ferret,* 55 N.M. 565, 237 P.2d 594 (1951). Here, there was no clear separation agreement, and we cannot say, based on the facts in the record, that the trial court abused its discretion in finding the payments to be an advancement of wife's division of the community property.

### III.

■ Appellant contends that the trial court erred in finding that $18,000 which resulted from the sale of the house awarded to Appellee in the first divorce was separate property. This money was used as the down payment to purchase another property which they held as tenants in common. We find that the stipulation incorporated in the first divorce decree is dispositive of this issue. In January 1973 the parties agreed:

> 3. The community property of the parties has been divided between them to their mutual satisfaction except for the dwelling house owned by them in Gallup, New Mexico. The equity of the parties is somewhat in excess of $6,500.00 .... The Defendant shall convey by quitclaim deed her interest in the dwelling house to the Plaintiff and he shall pay her her one-half of the total equity at the rate of One Hundred and no/100 ($100.00) Dollars a month without interest.

The stipulation was incorporated in the final decree and the house was designated as husband's separate property. NMSA 1978, § 40–3–8.

It is clear that Appellant's interest in the Gallup house was $3,250.00, and not $9,000.00, as contended. Appellee satisfied all but $350.00 of his obligation to pay off Appellant's equity interest by conveying $600.00 and a Volkswagen worth $2,300.00, which she agrees was given in lieu of her share of equity. We agree with the result in *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978), where this Court declared:

Where the decree is clear and unambiguous, neither pleadings, findings, nor matters dehors the record may be used to change its meaning or even to construe it. It must stand and be enforced as it speaks.

91 N.M. at 372, 574 P.2d at 591 (citations omitted).

### IV.

Finally, Appellant contends that she is entitled to $2,500.00 in attorney fees because she has earned only $3,000.00 over the past three years and the economic disparity between her and Appellee inhibits presentation of her claim. We disagree.

In light of the property awarded Appellant on division of the community property, we find that she has sufficient resources to bear her own expenses of attorney fees. *Fitzgerald v. Fitzgerald,* 70 N.M. 11, 369 P.2d 398 (1962).

The judgment of the trial court is hereby affirmed.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.