This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NOEL O. ONTIVEROS,**

Petitioner-Appellee,

v.                                                                      NO. 29,892

**ERICA SILVA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Regan & Sanchez, P.A.
Mark Terrence Sanchez
Hobbs, NM

Fredlund, Bryan & Castillo
Laura K. Castillo
Hobbs, NM

for Appellee

Max Houston Proctor
Hobbs, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Appellant appeals the district court's judgment that the residence and business that were acquired during the parties' unmarried domestic relationship are Appellee's separate property. Appellant argues that the district court erred by not dividing personal, residential, and business property equally between the parties pursuant to the law of partnership, joint venture, or joint enterprise. We affirm the district court.

**BACKGROUND**

Appellant and Appellee lived together in an unmarried domestic relationship for over eight years and had children together. From 2003 to 2007, the parties filed income tax returns together, listing their status as married filing jointly. The parties also had a joint checking account.

During the parties' relationship, Appellee's employment income was used to purchase the home in which the parties resided. The warranty deed for the home is in Appellee's name only. Although Appellant's father assisted the parties in obtaining a loan for the down payment, the parties used Appellee's employment income to repay the down payment loan as well as the mortgage for the residence. Appellant made one mortgage payment in Appellee's name and without his knowledge, but Appellee also paid the mortgage payment for that same period.

During the parties' relationship, Appellee also started an unsuccessful business with a person who is not party to this lawsuit. Title for all of the business equipment

was in Appellee's name only before it was sold. Proceeds from the sale of a prior home that was solely in Appellee's name were used to purchase the business equipment. During the parties' relationship, Appellant was employed for one three-month period, but she did not work for Appellee's business. Instead, Appellant stayed at home taking care of the parties' children.

After the relationship ended, Appellee filed a petition to establish paternity, periods of responsibility, custody, and child support. Appellant filed a counter-petition, requesting in part that joint tenancy property or property accumulated as tenants in common be divided or partitioned. Eventually, a stipulated parenting plan and judgment of paternity were entered to address child support matters. The remaining dispute, and the subject matter in this appeal, involves division of property.

Following an evidentiary hearing, the district court determined that no partnership or joint venture was established by the parties' unmarried domestic relationship or through any other actions of the parties. Consequently, the district court ruled that the residence and business equipment were Appellee's separate property because they were titled solely in Appellee's name and purchased using Appellee's employment income. The district court did, however, award Appellant some personal property as reimbursement for her contribution to the down payment and mortgage payment for the home in which the parties resided.

**DISCUSSION**

Appellant acknowledges that laws for the division of community property are inapplicable because the parties never married, and New Mexico does not recognize common-law marriage. *Merrill v. Davis*, 100 N.M. 552, 553, 673 P.3d 1285, 1286 (1983). Appellant contends that the district court failed to enter sufficient findings of fact in support of its conclusion that no partnership or joint venture existed. Appellant also argues that the district court erred by determining that the evidence supported Appellee's position that no partnership, joint venture, or joint enterprise existed and by not dividing personal, residential, and business property equally pursuant to that specific principle of law.

A partnership is an "association of two or more persons to carry on as co-owners a business for profit." NMSA 1978, § 54-1A-101(6) (1997). In general, a partnership agreement may be written, oral, or implied. NMSA 1978, § 54-1A-101(7) (1997). A joint venture is generally defined as a partnership that is established for a single transaction. *Hansler v. Bass*, 106 N.M. 382, 387, 743 P.2d 1031, 1036 (Ct. App. 1987). "A joint venture exists when two or more parties (1) enter into an agreement, (2) to combine their money, property or time in the conduct of some particular business deal, (3) agree to share in the profits and losses of the venture jointly, and (4) have the right of mutual control over the subject matter of the

4

enterprise or over the property." *Wilger Enters., Inc. v. Broadway Vista Partners*, 2005-NMCA-088, ¶ 10, 137 N.M. 806, 115 P.3d 822 (internal quotation marks and citation omitted).

**Sufficiency of Findings of Fact**

On appeal, we liberally construe the district court's findings of fact in support of the judgment below. *Robertson v. Carmel Builders Real Estate*, 2004-NMCA-056, ¶ 27, 135 N.M. 641, 92 P.3d 653. The findings are sufficient if a fair construction of all of the findings together justify the district court's judgment. *Id.* ¶ 27. "Findings of fact and conclusions of law are insufficient to assist a reviewing court if they do not resolve the material issues 'in [a] meaningful way.'" *Montoya v. Medina*, 2009-NMCA-029, ¶ 5, 145 N.M. 690, 203 P.3d 905 (alternation in original) (citation omitted). No error occurs, however, if a district court refuses requested findings that are contrary to the district court's findings, and the district court's findings are supported by substantial evidence. *Herbertson v. Iliff*, 108 N.M. 552, 555, 775 P.2d 754, 757 (Ct. App. 1989).

Appellant and Appellee both filed proposed findings of fact and conclusions of law. The district court then entered findings of fact and conclusions of law on August 6, 2009, which it incorporated by reference into its final judgment on August 12, 2009. The district court's final judgment, findings of fact, and conclusions of law

each state that the parties did not establish a joint venture or partnership.

We conclude that the district court's findings of fact were sufficient to support its judgment that no joint venture or partnership existed. The district court made the following findings regarding the nature of the parties' relationship: the parties were never married, the parties cohabitated for almost eight and one-half years, and the parties had children together. The district court then entered the following findings supporting its determination that the parties did not enter into an agreement to combine their money, property, or time in the conduct of a business or particular business venture: Appellee was fully employed during their relationship, Appellee started an unsuccessful vacuum truck business during the parties' relationship with proceeds from a home that Appellee sold, and Appellant worked a total of three months during their relationship as a server.

In addition, the following findings support the district court's determination that the parties did not enter into an agreement to share profits and losses jointly: Appellee paid the debt within the home and for the purchase of any assets, Appellee purchased the home in which the parties resided as a single man, Appellee repaid the loan that Appellant's father facilitated for the down payment of the home in which the parties' resided, Appellee paid every mortgage payment on the residence and every payment on any debt accumulated during the relationship, Appellant remains unemployed and

makes no payment on any debt incurred during the relationship, Appellant submitted one mortgage payment for the same period that Appellee submitted a mortgage payment, and Appellee paid for all household goods and furnishings.

Finally, the following findings support the district court's determination that the parties did not have mutual control over the property: Appellee purchased the home in which the parties resided as a single man, Appellee purchased the vacuum truck for the business, and Appellee purchased all household goods and furnishings.

When considered together, we conclude that the district court's findings are sufficient to support its determination that the parties did not establish a joint venture or partnership.

**Substantial Evidence**

Although Appellant focuses her argument on the sufficiency of the district court's findings of fact and conclusions of law, she also contends that there was insufficient evidence to support the district court's judgment that no partnership or joint venture existed. If substantial evidence supports a district court's decision, we will not disturb that decision on appeal. *Insure N. M., LLC v. McGonigle*, 2000-NMCA-018, ¶ 8, 128 N.M. 611, 995 P.2d 1053. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990).

7

When applying the substantial evidence standard, "[w]e indulge every presumption in favor of the correctness of the findings, conclusions, and judgment of the district court." *Sanchez v. Saylor*, 2000-NMCA-099, ¶ 12, 129 N.M. 742, 13 P.3d 960. "[T]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Romero v. Parker*, 2009-NMCA-047, ¶ 26, 146 N.M. 116, 207 P.3d 350 (internal quotation marks and citation omitted).

We conclude that substantial evidence supports the district court's judgment that no partnership or joint venture existed between the parties. The record contains no express oral or written agreement between the parties to combine their money, property, or time, and to share profits and losses. Instead, the record supports the district court's determination that no such agreement existed because the deed to the home and titles for business equipment were solely in Appellee's name. Additionally, Appellee's employment income and assets were used to purchase both the residence in which the parties resided and business equipment. Finally, the record supports the district court's conclusion that the parties did not have the right of mutual control over the property. Appellant's testimony repeatedly referred to the business as Appellee's "own company" or the company that he owned with a non-party, and Appellant verified her lack of knowledge regarding the business and its assets. As a result, we

8

conclude that substantial evidence supports the district court's determination that no partnership or joint venture existed between the parties.

On appeal, Appellant argues that the parties' intent to form a partnership or joint venture was implied from their conduct and requests that this Court consider evidence that the parties shared a joint checking account and filed income tax returns with the status of married filing jointly. However, "we will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Romero*, 2009-NMCA-047, ¶ 26 (internal quotation marks and citation omitted). Instead, we conclude that substantial evidence exists in the record to support the district court's judgment.

We further note that New Mexico law does not recognize implied agreements to jointly own property based upon conduct as unmarried, cohabitating adults. In *Merrill*, the court recognized that an oral contract to jointly own property can exist between unmarried, cohabitating adults, but declined to recognize an implied agreement from the parties' conduct as grounds to create property rights. 100 N.M. at 553-54, 673 P.2d at 1286-87. Consequently, the court determined that the parties' sharing of a joint bank account, living like married persons, and the appellee's purchase of a business while the parties were unmarried and cohabitating did not establish joint ownership of the property. *Id.* The court reasoned that if it recognized that "the same rights that cannot be gained by common-law marriage may be gained

9

by the implications that flow from cohabitation, then [it would] circumvent[] the prohibition of common-law marriage." *Id.* at 554, 673 P.2d at 1287. Similarly, we conclude that the present parties' sharing of a joint bank account, cohabitation, and Appellee's starting of a business while the parties were cohabitating did not establish joint ownership of property. Just as *Merrill* held that the parties could not circumvent the prohibition of common-law marriage through an implied agreement based upon their cohabitating conduct, we conclude that the parties may not circumvent the prohibition of common-law marriage through an implied joint venture or partnership based upon their conduct.

Finally, Appellant raises policy concerns for extending property rights to cohabitating couples. However, if cohabitating couples are to enjoy property rights equal to those enjoyed by married couples, the Legislature, rather than the courts, must make that policy. *See Hartford Ins. Co. v. Cline*, 2006-NMSC-033, ¶ 15, 140 N.M. 16, 139 P.3d 176 (reasoning that it is the duty of the Legislature to make laws and the duty of the courts to expound them). In *Hartford*, the Supreme Court addressed whether domestic partners had the same automatic protections in insurance coverage as married persons and held that "[l]egal rights and responsibilities . . . must be created by contract when domestic partners cohabit outside the marital relationship." *Id.* ¶ 13. The Supreme Court reasoned that "[i]f domestic partners are

10

to enjoy automatic protections in insurance coverage equal to those enjoyed by married couples, it will be up to the [L]egislature to make that policy, rather than the courts." *Id.* ¶ 15. Similarly, we conclude that it is within the purview of the Legislature, not the courts, to make policy regarding the property rights of cohabitating couples. As a result, we conclude that under New Mexico law, substantial evidence was presented to support the district court's determination that the parties failed to establish a partnership or joint venture.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's judgment regarding division of property.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**